McDERMOTT v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Declarations of Agent as Evidence against Principal.** Declarations of an agent in relation to a matter within the scope of his agency are admissible against the principal only when made at the time of the occurrence to which they relate; and the rule goes no further though the agent occupy the position of vice-principal.

2. **Case Adjudged.** In an action brought by a railroad laborer against the company to recover damages for injuries alleged to have been sustained through the incompetence of a section foreman, by way of showing the company's knowledge that the foreman was incompetent, plaintiff offered to prove that some days after the occurrence of the injury defendant's roadmaster had said he was incompetent. *Held,* that the evidence was inadmissible.

3. **Agent's Knowledge Imputable to his Principal.** To charge a railroad company with knowledge of incompetence of one of its section foremen, it is sufficient to prove that the roadmaster, whose duty it was to employ and discharge such foremen, had such knowledge.

*Appeal from Clay Circuit Court.* — HON. GEO. W. DUNN, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

The admissions of Goodwin not being made at the time of the accident, so as to be of the *res gestae,* nor during the transaction of any business in the scope of his employment, were inadmissible. 2 Starkie Ev., 24; Story Agency, §§ 134 to 137; *Va. & T. R. R. Co. v. Sayers,* 26 Gratt. 328; 2 Thompson Neg., 1054, note 3; *Rogers v. McCune,* 19 Mo. 557; *Price v. Thornton,* 10 Mo. 140; *Agassiz v. London Tram. Co.,* 21 W. R. 199; *Fairlee v. Hastings,* 10 Ves. 123; *Griffin v. R. R. Co.,* 26 Ga. 111; *Robinson v. R. R. Co.,* 7 Gray 92; *Luby v. R. R. Co.,* 17 N. Y. 131; *Moore v. Meacham,* 10 N. Y. 207; *Lane v. Bryant,* 9 Gray 245; *Stiles v. R. R. Co.,* 8 Metc. (Mass.) 44; *Anderson v. R. R. Co.,* 54 N. Y. 334; *M. & M. R. R. Co. v. Finney,* 10 Wis.

388; *Lafayette & Ind. R. R. Co. v. Ehman,* 30 Ind. 83; *Pennsylvania R. R. Co. v. Books,* 57 Pa. St. 339; *Mich. Cent. R. R. Co. v. Gougar,* 55 Ill. 503; *Bellefontaine R. R. Co. v. Hunter,* 33 Ind. 335; *Ryan v. Gilmer,* 2 Mont. 517; s. c., 25 Am. Rep. 744; *Packet Co. v. Clough,* 20 Wall. 528; *Golson v. Ebert,* 52 Mo. 260; *Whitaker v. R. R. Co.,* 51 N. Y. 295; *First Nat. B'k v. Ocean B'k,* 60 N. Y. 297; s. c., 19 Am. Rep. 181.

*Wm. S. Carroll* for respondent.

Goodwin, the roadmaster, was the appellant itself in and about the hiring, retaining and discharging section foremen, such as Dawson, and he continued to be the appellant in that behalf until Dawson was finally discharged, and anything he said about Dawson's incompetency during that time was said by appellant, not in narrating the incidents of the accident, but in estimating the competency or incompetency of Dawson, an independent matter from those incidents, save and except Dawson's immediate conduct at the time of the injury, which is not attempted to be proved by any statements of Goodwin. *Burnside v. R. R. Co.,* 47 N. H. 554; *Packet Co. v. Clough,* 20 Wall. 540; *Gilman v. R. R. Co.,* 13 Allen 433; *Morse v. R. R. Co.,* 6 Gray 450; *Brothers v. Cartter,* 52 Mo. 372; *Noyes v. Smith,* 28 Vt. 59; *Frazier v. R. R. Co.,* 38 Pa. St. 104; *Harper v. R. R. Co.,* 47 Mo. 567; *Gormly v. Vulcan Iron Works,* 61 Mo. 494; *Laning v. R. R. Co.,* 49 N. Y. 521; s. c., 10 Am. Rep. 417; *Flike v. R. R. Co.,* 53 N. Y. 549; s. c., 13 Am. Rep. 545; *Baulec v. R. R. Co.,* 59 N. Y. 361; s. c., 17 Am. Rep. 325; *Ford v. R. R. Co.,* 110 Mass. 240; s. c., 14 Am. Rep. 598.

Henry, J.—The plaintiff was employed by defendant as a laborer on track repairs, and was injured, he alleges, in consequence of the negligence of one Dawson, defendant's section foreman, in having permitted a hand-car to be on the track when the track should have been clear for

the passage of trains, and in negligently and carelessly ordering plaintiff to remove the car in the face of an approaching train. It is further alleged that Dawson was incompetent, and that the defendant had knowledge of that fact before the injury complained of occurred. It is also alleged that the company had negligently allowed piles of wood to be placed and remain close to the track, so as to render it unsafe and dangerous for the employes at work on the track; that the hand-car was struck by an engine of a train and thrown against the plaintiff, wounding him severely, and that his escape was prevented by the piles of wood at the side of the track. He sued the defendant for damages, and had judgment, from which this appeal is taken. The answer was a general denial.

To sustain the allegation of the incompetency of Dawson and the knowledge of the company that he was incompetent, the plaintiff, against defendant's objection, testified that in August, 1875, some days after the accident, he saw Mr. Goodwin, the defendant's roadmaster when the accident occurred, whose duty it was to employ and discharge section foremen, and who continued as such, until and after August, 1875; and that Goodwin, on that occasion, told plaintiff that Dawson was incompetent, and he wanted plaintiff to take his place as section foreman. The principal question in this case relates to the admissibility of this evidence.

In *Betham v. Benson*, Gow's Rep. 48, Ch. J. Dallas announced the doctrine in regard to the admissibility of declarations of an agent against the principal, as follows: " It is not true that where an agency is established, the declarations of the agent are admitted in evidence merely because they are his declarations; they are only evidence when they form part of the contract entered into by the agent on the behalf of the principal, and in that single case they become admissible. The declarations of an agent, at a different time, have been decided not to be evidence; indeed the cases on the subject draw this dis-

tinction between the declarations of an agent accompanying the making of, and, therefore, forming a part of the contract, and those made either at a subsequent or antecedent period." This is now the well established doctrine, and its application to other acts of an agent besides that of making contracts is equally well settled. " The declarations of an agent are received, not as admissions, but as a part of the *res gestae.*" *Haven v. Brown*, 7 Me. 425; *Rogers v. McCune*, 19 Mo. 557; *Va. & Tenn. R. R. Co. v. Sayers*, 26 Gratt. 328; *s. c.*, 15 Am. L. Reg. (N. S.) 297. Only declarations, therefore, made by the agent while transacting business within the scope of his agency, and then only because a part of the *res gestae*, are admissible.

The doctrine is very clearly stated in the last above cited case, as follows: " It is true that where the acts of the agent will bind the principal, there his declarations, representations and admissions respecting the subject matter will also bind him, if made at the same time and constituting part of the *res gestae.* They are of the nature of original evidence and not of hearsay, the representation or statement in such cases being the ultimate fact to be proved and not an admission of some other fact. The party's own admission, whenever made, may be given in evidence against him; but the admission or declaration of his agent binds him only when it is made during the continuance of his agency in regard to a transaction then depending *et dum fervet opus.* It is because it is a verbal act and a part of the *res gestae* that it is admissible at all. It is to be observed that the rule admitting the declarations of the agent is founded upon the legal identity of the agent and the principal, and the declarations of the agent to be admissible must be part of the *res gestae.*" Greenleaf Ev., (Redfield's Ed.) §§ 113, 114; Story on Agency, §§ 134, 137; *Griffin v. Mont. R. R. Co.*, 26 Ga. 111; *Robinson v. R. R. Co.*, 7 Gray 92; *Moore v. Meacham*, 10 N. Y. 207.

These well established principles usually constitute an unerring guide in determining whether or not declarations

of an agent are admissible in evidence against his principal; but the case at bar presents a peculiar phase distinguishing it from the great mass of adjudicated cases on the subject, and as the precise question has not often been passed upon, it remains to be considered whether the principles above announced determine it. The declaration of the roadmaster was not made at the time of the disaster to the plaintiff, and had no connection whatever with it in the chain of causation. The question was, whether the company had knowledge of the incompetency of Dawson; and while knowledge on that subject possessed by Goodwin, the roadmaster, was knowledge of the company, the fact that Goodwin had such knowledge must be proved against the defendant, as any other fact, by the testimony of witnesses and not by the declaration of third parties; and, so far as proof of that fact is concerned, his declarations, except as a part of the *res gestae*, stand upon the same footing as declarations made by other persons. The ultimate fact to be proved was that the company had knowledge of Dawson's incapacity at the time the accident occurred. If Goodwin, under the same circumstances and at the same time, had declared that the company had that knowledge, no one would contend for the admissibility of that declaration, yet it is urged that a declaration by him of a fact which the law declares to be the ultimate fact, the knowledge of the company, is competent evidence. He might be introduced as a witness to testify of his knowledge, or others might be called to prove that he was told, before plaintiff was injured, of Dawson's incapacity, or that he was cognizant of acts of Dawson showing that incompetency, but his declaration that he knew it is but hearsay as against the company, no more admissible because he was still in the employment of the company, than if that employment had ceased when the declaration was made. If admissible on the ground that the best evidence that one knows a fact is his own statement on the subject, the reason would equally apply to a statement made after as before

the employment ceases, and admit such evidence in a suit between A and B in which it becomes material to show that C had knowledge of a given fact. Would evidence of C's declaration that he did or did not know it be admissible? We apprehend not. If admissible, C might be in the court room, under no disability as a witness, and the party could, without calling him, prove his declaration against his adversary.

The case at bar is distinguishable from *Morse. v. Conn. R. R. Co.*, 6 Gray 450, and the other cases of that class cited by respondent's counsel, in that, in those cases the declarations of the agents were made in relation to specific transactions within the scope of their agency not yet completed.

Without attempting by further argument to show that the case falls within, and is governed by the principles above announced, we shall merely refer to adjudged cases in which it has been so held. *Rogers v. McCune*, 19 Mo. 558, was an action by the owner of the steamboat Archer against McCune, a part owner of the steamer Die Vernon, for damages for the sinking of the Archer by a collision with the Die Vernon. On the trial evidence was offered of a statement made by the captain of the Archer, immediately after the collision, that it was entirely owing to the foul condition of the Archer's bell. The evidence was excluded, and Judge Scott, delivering the opinion of the court, said on that subject: " There was no error in excluding the declarations of the captain of the Archer as to the cause of the collision. He was no party to the suit, nor owner of the boat. His declarations could not be regarded as a part of the *res gestae.* They were not made until after the transaction was past. The admission or declaration of his agent, binds the principal only when it is made during the continuance of the agency, in regard to a transaction then pending. It is admissible because it is a verbal act and part of the *res gestae.* What the captain said after the collision had taken place was a recita

of the cause of it, and was no part of the transaction whilst it was passing." *Verry v. The B. C. R. & M. A. Co.*, 47 Iowa 549, is directly in point. The question was, whether the company had knowledge that a certain car was out of repair, and to prove it the declaration of Sherman, one of the assistants of the foreman of the repair department, made ten minutes after the plaintiff was injured in consequence of the bad condition of the car, "that he knew that the car was in bad order," was admitted by the trial court, and the supreme court held it error, at the same time holding that Sherman was "such an agent of the defendant, that his declarations, in the line of his duty and in relation to matters under his supervision, if made at the proper time, would be admissible as evidence against the defendant." To the same effect are *Va. & Tenn. R. R. Co. v. Sayers*, *supra*, and *Huntingdon, etc., R. R. Co. v. Decker*, 82 Pa. St. 123. In this latter case, the declaration offered was made by the superintendent of the road who had the entire control and management of the road, its hands, machinery, etc., and had employed the conductor of the local freight through whose negligence, it was alleged, plaintiff's husband was killed. The declaration was made the day after the accident, and was to the effect that Bowser, the freight conductor, had disobeyed orders, and it was held inadmissible.

*Chapman v. Erie R. R. Co.*, 55 N. Y. 583, unless very carefully read, might be cited to support the contrary view, but on a critical examination will be found in harmony with the Iowa and Pennsylvania cases on the question under consideration. The question was, whether Fisk, the defendant's general superintendent, knew that Allison, a conductor, was in the habit of drinking. Evidence was introduced of his habits, and of facts tending to show that Fisk was aware of his habits before the accident, and a witness was permitted to testify that on one occasion, prior to the accident, he had a conversation with Fisk in reference to Allison's drinking, and that Fisk said, "Allison

will have to quit this," meaning his drinking. Ch. J. Church, delivering the opinion of the court, observed: "It is objected that the declaration of Fisk, above referred to, was inadmissible, and its admission is claimed to be error. As evidence of the fact of the habit of drinking, it was not admissible within the general rule, that the declaration of an agent, will not bind the principal, unless made at the time of doing some act within the scope of his agency, and which in fact constitutes a part of the act itself. But we think this evidence was competent to prove notice to Fisk. Other evidence was produced that Allison was in the habit of drinking to excess, and the remark, if it had reference to such habit, was pertinent to establish that he knew it. It would be competent to prove that a third person told him of it; and it is more satisfactory to establish the fact, that he admitted such knowledge at the time. It is evidence of a material fact. An admission afterward that he had known the fact would stand upon a different footing." Without approving the doctrine announced by the court on the precise question before it, the last sentence, as regards the question we are considering, recognizes the true doctrine as we understand it.

It will be observed that in most of the cases cited as sustaining the views advanced in this opinion, the agent whose declarations were offered was a vice-principal and *alter ego*, and yet no case has been found which holds such an one for all purposes to represent the principal in such a sense as to admit, as evidence against the principal, every statement or declaration made by him, with respect to the principal's business.

The conclusion we have reached is, that the court erred in admitting the evidence complained of, and the judgment, for this reason, must be and is reversed, and the cause remanded; and as there will probably be another trial of the cause, we will add that the incompetency of Dawson must be shown, and that the injury to plaintiff was occasioned by that incompetency, or other cause spe-

cifically alleged in the petition, and not by some other cause; and proof of Dawson's incompetency, and that such incompetency occasioned the injury, must be supplemented with proof that the defendant had knowledge of his incompetency before the accident occurred, and for this purpose, proof that Goodwin had such knowledge is sufficient. All concur.