ADAMS v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY,
*Appellant.*

1. **Declarations of Agent as Evidence against Principal.** The declarations of an agent are admissible as evidence against his principal, only when made while transacting the business of the principal and as a part of the transaction which is the subject of the inquiry. They are then admitted as verbal acts and part of the *res gestae*. What he may have said before the transaction is entered

| 74 | 553 |
| 97 | 170 |
| 74 | 553 |
| 37a | 686 |
| 74 | 553 |
| 42a | 143 |
| 74 | 553 |
| 107 | 251 |
| 74 | 553 |
| 52a | 422 |
| 74 | 553 |
| 124 | 152 |
| 74 | 553 |
| 126 | 148 |
| 126 | 157 |
| 128 | 651 |
| 74 | 553 |
| 68a | 661 |
| 74 | 553 |
| f161 | 80 |
| 161 | 81 |
| 74 | 553 |
| 101a | 1175 |

Adams v. The Hannibal & St. Joseph Railroad Company.

into or after its completion, as explanatory, is no more admissible·
than if said by a stranger. Anything in the nature of narrative is
to be carefully excluded.

CASE ADJUDGED. In an action brought by a widow against a rail··
road company for killing her husband, a witness was allowed to
testify that after deceased was struck and after the train was stopped,
two of the trainmen, whom he took to be the fireman and the en-
gineer, came up, and one of them said to the other: "If you had
stopped the train when I told you, you would not have killed
him," and that the other replied; "It cannot be helped now; it
it too late." *Held*, the admission of this evidence was error.

2. **Negligence**: CARE REQUIRED. One in a perilous position is not to
be held to the exercise of the same care and prudence as if he were
in a place of security

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS,.
Judge.

REVERSED.

*Geo. W. Easley* for appellant.

The deceased voluntarily placed himself in a hazard-·
ous position, and there can be no recovery for his death.
*Hallihan v. R. R. Co.*, 71 Mo. 113; *Lake Shore R. R. Co.
v. Hart*, 87 Ill. 529. The evidence as to the statement
made by the fireman was inadmissible. *McDermott v. R..
R. Co.*, 73 Mo. 516; *Garth v. Howard*, 8 Bing. 451.

*Luther T. Collier* and *Kemp & Henry* for respondent,.
cited *Brownell v. R. R. Co.*, 47 Mo. 239; *Harriman v. Stowe*,.
57 Mo. 96; *Hanover R. R.. Co. v. Coyle*, 55 Pa. St. 402;
*Insurance Co. v. Mosley*, 8 Wall. 397;· *Comm. v. McPike*, 3·
Cush. 181; *People v. Vernon*, 35 Cal. 50; *Mitchum v. State*,
11 Ga. 615; *Reg. v. Lunny*, 6 Cox C. C. 477; *Rex v. Foster*,
6 C. & P. 325; *Aveson v. Kinnaird*, 6 East 193; *Rawson v.
Haigh*, 2 Bing. 99; *Whittaker v. R. R. Co.*, 5 Rob. (N. Y.),
650; 1 Greenleaf Ev., §§ 113, 114; 1 Story Agency, §§
134, 137; *Va. & Tenn. R. R. Co. r. Sayers*. 26 Gratt. 328;.
*s. c.*, 15 Am. Law Reg. (N. S.) 206.

HENRY, J.—This is an action by respondent to recover damages against defendant, for the death of her husband alleged to have been caused by the negligence of defend-ant's servants, in managing and operating a train on its railroad.

On the 20th day of July, 1878, the deceased, fifty or or sixty years of age, in company with his three sons, was-walking on the railroad. The deceased saw the train com-ing, a half mile away, before he went upon a long trestle-west of Chillicothe. After getting on the trestle, the oldest son, who was about fourteen years of age, told him he had better come back, but the deceased said he thought he-could cross the trestle and get away. They had proceeded about one-third of the way across the trestle, when the oldest boy turned back and got off. The others went for--ward, and when about half way over the trestle, the father-and younger son sat down on the ends of the ties, and the engine and three or four cars passed without injuring them,. when the deceased raised up and was struck, knocked off,. and received injuries which caused his death.

The negligence of the deceased was such as to pre--clude a recovery unless the servants of the defendant run--ning the train saw the danger to which he had exposed himself, in time to stop the train and avert the calamity. It is no defense to the action that he was guilty of negli-gence in going on the trestle, no matter how gross, if the servants of the company saw him on the trestle, and after-discovering him there, could have stopped the train and thus avoided injuring him. His negligence then ceases to be a matter for consideration.

As to whether defendant's said servants saw the de--ceased on the trestle, and could then have stopped the train and prevented the accident, the plaintiff was per-mitted to prove by a witness that after deceased was struck,; and after the train was stopped, two of the trainmen, whom he took to be the fireman and engineer, came up,.

and one of them said to the other: "If you had stopped the train when I told you, you would not have killed him." The other replied: "It cannot be helped now; it is too late." The principal question in the case is, whether this evidence was admissible or not.

But few questions of more difficulty, are submitted for determination, than those in regard to the admissibility 1. DECLARATIONS OF of statements as part of the *res gestae.* The AGENT AS EVI- general principles on the subject are well DENCE AGAINST PRINCIPAL. settled, and, if they had been uniformly adhered to in the adjudicated cases, the conflict in the decisions would have been avoided. The declarations of an agent are admissible as evidence against his principal, only when made while transacting the business of the principal and as a part of the transaction which is the subject of inquiry in the suit in which they are offered. They are then admitted as " verbal acts," and part of the *res gestae.* What he may have said before the transaction is entered into, or after its completion, as explanatory, is no more admissible than if made by a stranger. *Ladd v. Couzins,* 35 Mo. 516; *McDermott v. H. & St. Jo R. R. Co.,* 73 Mo. 516. "Anything in the nature of narrative, is to be carefully excluded." *Bacon v. Inhabitants of Charlton,* 7 Cush. 586; and in *Lund v. Inhabitants of Tyngsborough,* 9 Cush. 42, the same court said: 'There must be a main or principal fact, or transaction, and only such declarations are admissible as grow out of the principal transaction, illustrate its character, are contemporary with it, and derive some degree of credit from it." In *Luby v. Hudson R. R. R. Co.,* 17 N. Y. 133, the court of appeals observed: " The declarations of an agent or servant do not in general bind the principal. Where his act will bind, his statements and admissions, respecting the subject matter of those acts will also bind the principal, if made at the same time and so that they constituted a part of the *res gestae.* To be admissible, they must be in the nature of original, and not of hearsay evidence; they must constitute the fact to be proved, and must not be the

mere admission of some other fact. They must be made not only during the continuance of the agency, but in regard to a transaction depending at the very time." These general principles are recognized by all the cases on the subject, and the conflict between them has arisen in the application of the principles to the facts of the particular case.

The observations above quoted from the opinion of the New York court of appeals, were made in a case strongly resembling the case at bar. The defendant was sued for negligently running a railroad car, drawn by horses, against the plaintiff, in one of the streets of the city of New York. A police officer was allowed to testify that he arrested the driver directly after the accident, the citizens having stopped the car, and the driver having got outside the crowd which had gathered, and, on being arrested, assigned as a reason why he did not stop the car that the brakes were out of order. The court of appeals held it error to admit the testimony, and observed that: "The alleged wrong was complete, and the driver when he made the statement was only endeavoring to account for what he had done. He was manifestly excusing himself and throwing the blame on his principal." Here the servant who remarked to his fellow-servant: "If you had stopped the train when I told you, you would not have killed him," was only endeavoring to exculpate himself and throw the blame on his fellow-servant, and neither his remark nor the reply to it by the other, was made in the prosecution of the business of their employer, nor did they immediately precede or accompany the act which led to the catastrophy, or constitute any part of that act, but if admissible at all would only go to show another fact, and were not of themselves facts to be proved as " verbal acts." They were only intended to prove another fact.

The cases of *Insurance Co. v. Mosley*, 8 Wall. 397; *Comm. v. McPike*, 3 Cush. 181, and *Brownell v. Mo. Pac. R'y Co.*, 47 Mo. 243, relied upon by respondent's counsel, were not cases.

in which the declarations of agents were introduced as evidence, but the declarations offered and received were made by the persons injured, or by persons laboring under some disease, and the statements related to the cause of, or to the persons who had inflicted the injury, or to the symptoms and suffering of the invalid. It may be observed of the case of the *Insurance Co. v. Mosley*, that Mr. Justice Clifford delivered a very able dissenting opinion, concurred in by Justice Nelson. The case of *Comm. v. McPike*, has by more recent decisions of the supreme court of Massachusetts, been questioned and qualified, if not overruled. See cases *supra*. And the case of *Brownell v. The Pac. R'y Co.*, has never been satisfactory to the bar or bench of this State. The case of the *Comm. v. Hackett*, 2 Allen 137, is distinguishable from *Brownell v. Pac. R'y Co.*, and *Comm. v. McPike*. The facts of that case were, that Gillen was stabbed in the night-time by one who immediately ran away, and the evidence offered was that Gillen at the moment he was stabbed cried out: "I'm stabbed," and a witness for the commonwealth testified that he heard the exclamation and at once went to Gillen and reached him within twenty seconds after the exclamation, and was asked: "When you got to Gillen what did he say?" His answer was: "He said I'm stabbed; I'm gone; Dan. Hacket has stabbed me." The supreme court said: "If it was a narrative statement wholly unconnected with any transaction or principal fact, it would be clearly inadmissible. But such was not its character. It was uttered immediately after the alleged homicidal act, in the hearing of a person who was present when the mortal stroke was given, who heard the first words uttered by the deceased, and *who went to him after so brief an interval of time that the declaration or exclamation of the deceased may fairly be deemed a part of the same sentence as that which followed instantly after the stab with the knife was inflicted*." That portion of the opinion which we have italicised, indicates the precise ground upon which the evidence was held admissible.

Strictly applying the principles above announced, and "it is dangerous to open the door to declarations of agents beyond what the cases have already done;" was the evidence offered in the case at bar admissible? Were the declarations connected with the calamity as a cause or concomitant? Were they contemporary with the principal transaction, and illustrative of its character, or merely a subsequent narrative of how it occurred, or an explanation of how it might have been avoided? If the latter, as we think, they were wholly inadmissible, and the court erred in permitting the evidence to go to the jury.

It is not to be denied that some of the authorities cited by respondent's counsel, and others not cited, sustain his position. With few exceptions, they are not cases, however, in which the question of agency was involved, but cases in which the declarations offered were those of persons injured, as to the causes of, or to the persons who inflicted the injuries, and, while there may be circumstances which would warrant a less rigorous application of the principle, in such cases, we are satisfied that a strict adherence to principle is the better course when it is sought to charge a master for the acts of his servant; and where there is such a conflict of authority on a subject, we are inclined to be guided by principle, rather than follow adjudications which have departed from it, in the apparent necessity for a departure in the given case. If, in the present instance, the train could have been stopped after deceased was discovered on the trestle by defendant's servants, that fact can be proved by legitimate testimony. The servants who made the declarations offered in evidence, are competent witnesses for plaintiff to prove that her husband was seen on the trestle by the servants managing the train, and that the train could have been stopped before it reached him. It is no answer to this that plaintiff could not rely upon them because they were in defendant's employment. We are not to assume, in order to admit incompetent evidence, that the only person to whom the fact to be proved

is known, would commit perjury. If plaintiff cannot prove by competent testimony, a fact essential to her recovery, we cannot establish a rule in her favor, which in a hundred other cases would probably lead to manifest injustice.

The position of appellant's counsel, that the carelessness of the deceased in rising up after four or five cars but **2. NEGLIGENCE: care required.** before the entire train, had passed, precludes a recovery, even conceding that, but for such carelessness, defendant would be liable, if they saw him on the trestle, and, by proper care, could have stopped the train, and avoided injuring him, is untenable. One in so perilous a position is not to be held to the exercise of the same care and prudence as if he were in a place of security. The terror, temporarily depriving the deceased of the proper use of his faculties, was produced by the recklessness of defendant's servants, managing the train; if they saw him and could have stopped the train, after they discovered him on the trestle, before it reached him. The care and prudence which the law exacts of a person, depends upon the circumstances in which he is placed.

For the error committed in admitting the declarations of the defendant's servants, the judgment is reversed and the cause remanded. All concur, except RAY, J., absent.