## CITY COURT OF NEW YORK.

CHARLES EDWARD TRACY agt. THE PULLMAN PALACE CAR COMPANY.

*Negligence — Sleeping car companies — Loss of property, under control of passenger — When company not liable for.*

While sleeping car companies owe greater duties to their customers than ordinary railroad carriers of passengers, still they can only be held liable for property lost while under the control of the passenger, upon proof of some fault or negligence upon their part, and the mere fact of such loss, unaccompanied by any other proof, raises no presumption of negligence.

*April,* 1884.

*David B. Ogden,* for plaintiff.

*Charles B. Alexander,* for defendant.

HAMILTON COLE, *Referee.*— On February 9, 1883, the plaintiff took a train on the Pennsylvania railroad, leaving Jersey City at nine o'clock P. M., for Washington. He had secured a berth in one of the sleeping cars of the defendant. Upon retiring for the night he took off his coat and waistcoat, put his wallet containing his money and some valuables in the

left hand pocket of his waistcoat, with his watch, rolled the waistcoat up and put it under the inside pillow of his berth. When the plaintiff awoke in the morning, the watch and waistcoat remained but the wallet was gone. It contained money and valuables amounting in value in all to $215; and that amount plaintiff seeks to recover in this action.

The cause of the disappearance of this wallet remains a matter of conjecture. No explanation can be given of it. In the evening it is there; in the morning it has disappeared, and at this point the evidence stops.

That this defendant owes duties to those whom it carries is certain. What those duties are it will, I think, be found impossible distinctly to define under a general rule which shall be applicable to all cases. It seems to be well settled in principle and the plaintiff himself concedes that such duties are not those which appertain to innkeepers or common carriers. The defendant, if liable, must be held so upon the ground that it failed to perform its duties towards the plaintiff, and acted negligently on his behalf thereby causing him loss and damage. Now, it clearly appears in this case that there is no evidence of any act of omission on the part of the defendant. So far as appears the car in which the plaintiff had his berth was cared for in the usual way, and no fault therewith was found by plaintiff; and it as clearly appears that there is no evidence in the case of any wrongful act on the part of the defendant. Persons unknown to each other and to the company are expected to be admitted into these cars. The fact that there was one person in the car whom the plaintiff considered of suspicious appearance can hardly be considered an act of negligence on the part of the company. The passing of persons through the car in the morning did not necessarily show, as the plaintiff inferred, that the doors of the car were open, for such passing may well have been confined to the inmates of the car, and the muttering of the porter when the conductor asked him if he had been asleep does not establish that sleep had overtaken him.

Outside of these matters I fail to find any suggestions, even of negligence, on the part of the defendant. The case is simple; the wallet was there at night, in the morning it had disappeared. Is there anything in this state of facts on which negligence on the part of the company can be predicated? The plaintiff's case is as consistent with the absence as with the existence of negligence on the part of the defendant, and therefore negligence is not proven (*Baulec* agt. *N. Y. and H. R. R. R. Co.*, 59 *N. Y.*, 356).

The case of *Pullman Palace Car Company* agt. *Gardner* (29 *Alb. L. J.*, 8) was cited in the supreme court of Pennsylvania upon the argument as maintaining the plaintiff's position. But it appeared in that case that the porter who was left by the conductor to guard the car did not remain at his post, and much stress was laid upon this fact as evidence of negligence on the part of the company. The same general state of facts appeared in *Woodruff Sleeping and Parlor Coach Company* agt. *Diehl* (34 *Ind.*, 474); and the rule there laid down, and in the cases there cited, was to the effect that a sleeping car company is liable for the want of reasonable care in the protection of the property of its guests.

It is well settled that in the case of passengers upon ordinary cars the company are not in general liable for the articles retained within the custody of the passenger. In *Welch* agt. *Pullman Palace Car Company* (16 *Abb. Pr.* [*N. Y.*], 352) the general term of the superior court of Buffalo laid down substantially the same rule in regard to passengers on a Pullman car. The general term of this court, in *Welding* agt. *Wagner*, judge McADAM writing the opinion, held that no recovery could be had upon the mere proof of the loss of property by a passenger in a sleeping car. The same was held by judge HYATT at *nisi prius* in *Duncan* agt *Pullman Palace Car Company*, and by judge VAN BRUNT, in the common pleas, in *Sewards* agt. *Pullman Palace Car Company*; and these three later cases seem to me to lay down the true rule.

While it may be conceded that these sleeping car companies owe greater duties to their customers than ordinary railroad carriers of passengers, still they can only be held liable for property lost while under the control of the passenger upon proof of some fault or negligence on their part; and that from the mere fact of such loss unaccompanied by any other proof no presumption of negligence arises. The plaintiff has failed to show in this case any want of reasonable care on the part of the defendant in the protection of his property, and he therefore is not entitled to recover its value.