AUGUST WENGLER, Respondent *v.* MISSOURI PACIFIC
RAILROAD COMPANY, Appellant.

February 24, 1885.

EVIDENCE — AGENT'S SUBSEQUENT DECLARATIONS — NEGLIGENCE. — In an
   action for damages for personal injuries occasioned by the negligence of
   a railroad company, it is error to permit a witness to testify that, a few
   days after the injury, the conductor who had charge of the train at the
   time of the injury, said that the bell was not rung, and that the train was
   running at an excessive rate of speed.

APPEAL from the St. Louis County Circuit Court, ED-
WARDS, J.

*Reversed and remanded.*

G. PITMAN SMITH, for the appellant.

ZACH J. MITCHELL, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action for damages for injuries which the plain-
tiff sustained while attempting to drive across the defend-
ant's railway track at a crossing of a public highway.   The
negligence charged in the petition is the failure of the de-
fendant to ring the bell or to sound the whistle of defend-
ant's locomotive as required by section 806 of the Revised
Statutes.   The answer sets up contributory negligence.
The plaintiff had a verdict and judgment.

Among the questions in dispute were, whether or not the
train was running upon its usual and schedule time ; whether
or not it was running at its usual and card rate of speed ; and
whether or not the bell was being rung as it approached the
crossing.   Against the objection of the defendant, the court
permitted the plaintiff's daughter to testify for the plaintiff,
that a day or two after the happening of the accident, the con-
ductor in charge of the train by which it was produced told
her that at the time of the accident " they were nine min-
utes late and were just flying, and the engineer forgot to ring
the bell." This testimony was distinctly objected to, on
the ground that it was incompetent and on the ground that
it related to a conversation which took place a day or two

after the accident. The court nevertheless ruled that it was competent, saying: " This witness may state anything that was said to her by any officers who were in charge of that train at the time of this collision — anything that was said about it." This ruling was clearly erroneous. *Aldridge* v. *Midland Blast Furnace Co.*, 78 Mo. 559 ; *McDermott* v. *The Hannibal, etc. R. Co,.,* 73 Mo. 516. It is obvious from the whole record that it was prejudicial to the defendant and we can not disregard it on the ground that judgment is for the right party, because it was for the jury to say upon competent evidence, which was the right party. The fact that the defendant's fireman and engineer admitted that the bell had only been rung for a distance of more than two hundred or two hundred and fifty yards from the crossing, does not conclusively show that the verdict was correct ; because in these cases the law is that, although the servants of the railway company may disregard this statutory precaution, yet if the person injured failed to make prudent use of his faculties as he approached the crossing, by looking and listening for an approaching train, he can not recover. *Lenix* v. *Mo. P. R. Co.*, 76 Mo. 76 ; *Fletcher* v. *Atlantic, etc. R. Co.*, 64 Mo. 484. There was evidence tending to show that he might have done this before he drove upon the track, and that, had he done it, he would have seen the approaching train. Besides, incompetent evidence to the effect that the train men were driving their train at a reckless rate of speed, and at the same time disregarded the precautions prescribed by law for the public safety, would have a clear tendency so to affect the minds of the jury as to enhance the damages which they would otherwise be likely to give.

The appellant makes six other objections, but as he merely refers us to the record in respect of these, we shall not consider them ; nevertheless, as this one objection is clearly well taken, we shall reverse the judgment and remand the cause. It is so ordered. All the judges concur.