ALFRED BEVIS, Respondent, v. BALTIMORE & OHIO
RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, May 3, 1887.

1. EVIDENCE—RES GESTAE—DECLARATION OF AGENT.—To render admissible the declarations of an agent against his principal, they must have been made while acting within the scope of his agency, *dum fervet opus.*

2. ——— The declarations of an agent, relating to his past conduct, are inadmissible, without proof that he had authority to make the admission.

3. ——— Declarations of third persons are inadmissible, although they were made concerning a fact which would be relevant to the issue, if proved by a competent witness.

4. ——— NEGLIGENCE—BURDEN OF PROOF—PRACTICE.—Proof of loss under circumstances which tend to show that, but for the defendant's negligence, the loss would not have occurred, is *prima facie* evidence of negligence, and shifts the burden of proof.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed and remanded.*

POLLARD & WERNER, for the appellant: The burden of showing want of care rests upon the plaintiff. *Welch v. Car Co.*, 1 Sheldon (N. Y.) 459; *Palmeter v. Wagner Car Co.*, 11 Alb. Law Jour. 149; *Blum v. Car Co.*, 1 Flipp. (U. S.) 500; *Car Co. v. Gardner*, 16 Am. and Eng. R. R. Cases, 324; *Tracy v. Car Co.*, 67 How. Pr. (N. Y.) 154; *Woodruff Car Co. v. Diehl*, 84 Ind. 474; *Scaling v. Car Co.*, 24 Mo. App. 29, and numerous other cases. Proof of the loss alone is not sufficient to entitle the plaintiff to recover, nor does it shift the burden of proving negligence on the defendant; but the plaintiff must go further and establish the fact that the

loss was caused by the negligence of the defendant. *Stearne v. Car Co.*, 21 Am. and Eng. R. R. Cases, 443; *Dargen v. Car Co.*, 5 Texas App; Texas Law Review, 619; *Tracy v. Car Co.*, 67 How. Pr. 154; *Scaling v. Car Co.*, 24 Mo. App. 29. The testimony of the respondent and his witness, Edwards, as to what the conductor and porter said, on the morning after the alleged theft, was incompetent, and should have been excluded from the jury. These declarations were merely the recitals of past transactions. 1 Greenleaf on Evid., sect. 113; *McDermott v. Railroad*, 73 Mo. 516; *Adams v. Railroad*, 74 Mo. 553; *Albridge v. Furnace Co.*, 73 Mo. 559; *Fairley v. Hastings*, 10 Vesey, Jr., 123 to 136; *Langham v. Allunt*, 4 Taunton, 511.

DYER, LEE & ELLIS, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This action is brought to recover the value of a diamond scarf pin and five dollars in currency, alleged to have been stolen from the plaintiff while a passenger on the defendant's railway, and asleep in one of its sleeping cars. The right of recovery is predicated upon the negligence of the servants of the defendant, in failing to keep the proper watch during the night. The value of the pin is alleged in the petition to have been four hundred and ninety-five dollars. The damages claimed were five hundred dollars. The answer was a general denial. A trial took place before a jury, and the plaintiff recovered a verdict for five hundred and twenty dollars damages—twenty dollars more than he claimed in his petition, and judgment was entered thereon, from which this appeal is prosecuted.

At the trial, the plaintiff gave evidence tending to show that he took passage on the defendant's railroad from Cincinnati to St. Louis; that he purchased a sleeping car ticket of the defendant, and thereupon was permitted to enter one of the defendant's sleeping cars as a

passenger; that he wore a diamond scarf pin on his scarf, which he had bought in 1862, and which he had then worn continuously for twenty-two or twenty-three years, which pin was of the value of five hundred and fifty dollars; that, when he went to bed, he saw that the pin was upon his scarf; that he wrapped the scarf up, with the pin sticking in it, on the inside, put it inside his vest, and, also, put his pocket book inside his vest, and then put his vest under his pillow, back as far as he could put it. He slept in the upper berth; for, although his ticket called for the lower berth, in the particular section, he had given the lower berth to an old lady whose ticket called for the upper berth, taking the latter berth to oblige her. He slept all night, and, when he got up in the morning, he put on his vest, took his collar, cuffs, and satchel, and went into the wash-room, where there were two gentlemen. When he had washed, he put his hand in to take out his scarf, when he discovered that his pin was gone, and that his pocket book was gone, also. He made an exclamation, "Gentlemen, I have been robbed!" About that time the porter came into the wash-room, and the fact of the plaintiff's loss was stated to him, whereupon a conversation took place between the plaintiff, the porter, and several other passengers, in which other passengers stated they had been robbed, and in which the porter stated what had taken place during the night, and that he had suspicions of two men who had gotten off during the night at Vincennes. The sleeping car conductor came in, during the conversation, and participated in a portion of it.

I. This declaration of the porter, stating what had taken place during the night, and the suspicions which he had had of the two passengers who got off at Vincennes, if admissible, was evidence very important for the plaintiff, because other evidence showed that no such suspicions had been communicated by the porter to the conductor; if inadmissible, it was plainly pre-

judicial to the defendant.    It was objected to, but nevertheless admitted, as was, also, evidence of the statement of the conductor in the same conversation, to the effect that the porter had not notified him that he suspected the two passengers who got off at Vincennes.    We do not understand that the learned counsel for the plaintiff now take the position that this testimony was competent. We are of opinion that it was inadmissible, under the rule laid down in the following cases :    *McDermott v. Railroad*, 73 Mo. 516 ; *Adams v. Railroad*, 74 Mo. 553 ; *Aldridge v. Midland Blast Furnace Co.*, 78 Mo. 559 ; *Wengler v. Railroad*, 16 Mo. App. 493.    The rule which admits admissions of an agent, in an action against his principal, applies only in two cases : (1) Where the scope of the agency is such that the agent is an agent for the purpose of making the particular admission—as, where an attorney, in the course of a trial, makes a solemn admission against the interest of his client.    (2) Where the admission is in the form of a declaration made by an agent, while acting within the scope of his agency, and about the business of his principal, concerning such business.    In such a case the declaration, made *dum fervet opus*, is a part of the *res gestae ;* it tends to characterise the act which the agent is doing for his principal at the time ; it is regarded as a verbal act ; and it is admitted on the principle that the whole transaction, and not merely a part of it, ought to appear, including what was *said* as well as what was *done*.    But, where the declaration of the agent relates to his past conduct, or to a past transaction in which he has acted for his principal, so that it is in the nature of a mere historical narrative, it is not admissible to bind his principal, unless the scope of the agency was such that the agent had authority to make the admission for his principal.    This rule seems to exclude the evidence of the declarations of the porter and conductor in this case ; though, for myself, I confess to the opinion that the truth of any declarations or admissions which

either would make, tending to show his own negligence, would be highly probable, and would be accepted as such by all men in the ordinary affairs of life. The rule of the law, however, is as above stated, and we are not at liberty to change it.

II. The plaintiff was allowed, at first, to give evidence as to the declarations of other passengers, at the time of the above stated conversation, to the effect that they had also been robbed. This testimony, on subsequent consideration, was excluded by the court; but, against repeated objections of the defendant, the cross-examination of the porter and the conductor, who had been called as witnesses for the defendant, was allowed to take such a course that the evidence was got before the jury. If it was a fact that other passengers were, also, robbed, it was a material circumstance, strengthening the conclusion that a diligent watch had not been kept by the defendant's servants. Of itself the evidence was clearly competent; but this manner of proving the fact was clearly inadmissible. The declarations of other passengers that they had been robbed was hearsay evidence merely, and the passengers making such declarations may themselves have been the thieves, making these declarations for the purpose of averting suspicion from themselves. On another trial this evidence should be carefully excluded, unless witnesses are produced who are able to swear to the fact of their own knowledge.

III. The two remaining assignments of error may be considered together, because their decision rests upon the same principles. They are: (1) That the court erred in refusing an instruction, requested by the defendant, to the effect that the mere proof of loss, by itself, was not evidence of negligence on the part of the defendant. (2) That there was no evidence of negligence in the case, and, therefore, the court ought to have withdrawn the case from the jury. We are of opinion that these assignments of error are not tenable. It

may be conceded that the naked fact that a theft has been committed upon a passenger, while asleep in a sleeping car, is not evidence of negligence to charge the railway company or the sleeping car company. This was conceded by Judge Thayer, who tried the case in the circuit court, in an opinion delivered by him, overruling the motion for a new trial. It was so held in *Tracy v. Pullman Palace Car Co.* (67 How. Pr. 154); (s. c., 21 Am. & Eng. R. R. Cases 443). But it very often happens that the circumstances, under which such a theft is committed, will appear in such a form as to speak with some persuasive force on the question of the negligence of the carrier's servants. In other words, there may be cases, where the evidence that such a theft took place will, when the surrounding circumstances are considered, carry with it a reasonable inference of such negligence. Judge Thayer was of opinion that such was the case here, upon the plaintiff's evidence; and we are of the same opinion. If the plaintiff's evidence was true, the thief must have pulled the vest out from under his pillow, unfolded it, taken the pocket book and scarf out of the inside pocket, undone the scarf, removed the diamond pin, and then replaced the scarf and the vest. All this would have taken time. The evidence concerning the physical structure of the car indicates that, in doing this, the thief must have stood in the aisle.

For the defendant, the porter of the sleeping car testified that he had, that night, fourteen pairs of boots to blacken; that, as was his custom when he had a big job of boots to blacken, he took his position, after getting all the passengers to bed, on a camp stool, at the end of the car which contained the ladies' dressing room, which was opposite the end which contained the smoking room and wash-room; that, from that position, he could look through the aisle in front of the berths; that the car was lighted by lamps until half-past seven in the morning; that, with the exception of about five minutes, when he was relieved by the conductor, he remained in

this position on watch all night. In fact, if his testimony was true, he watched so well that nothing could have been stolen from any of the passengers, which would lead to the conclusion that nothing was stolen. If this porter, sitting where he claims to have sat all night, with the exception of the five minutes when the conductor relieved him, had kept strict watch, he must have seen the thief in the operation. This, to our minds, is a deduction which the jury would be authorized to make; and we are, therefore, of the opinion that there was evidence of negligence furnished by the testimony to take the case to the jury, and that, in this state of the evidence, an instruction to the effect that the mere happening of the larceny, without more, is not evidence of negligence, would have been misleading, because it would have directed the jury that a state of facts, from which the law authorizes them to infer negligence, does not warrant such an inference.

Outside of this, there is another cogent reason for holding that evidence of a larceny, under such circumstances, is to be regarded as a *prima facie* case. There are many cases where, from necessity, slight evidence tending to support the plaintiff's case will be held sufficient to shift the burden of proof, and to require the defendant to explain. Thus, in the case of *Lin v. Railroad* (10 Mo. App. 125), it was held by this court that the fact that a passenger's trunk, which had been shipped as baggage from New York over several connecting lines, was delivered to him at St. Louis, broken open, and its contents rifled, was evidence to charge the last connecting railway carrier, and to cast on it the burden of showing that the trunk came into its hands in that condition. In so holding, the court used the following language: "But it must be remembered that this is not a mere question of what conclusion is morally deducible from the facts; it is a question which concerns the burden of proof. The burden of proof is the necessity of proof. In general, the evidence to sus-

tain the allegation must be produced by the party making it ; but when, from the circumstances of the case, the other party can alone produce this evidence, there are many cases in which the law, to prevent a failure of justice, compels him to produce it ; and it compels him to do this, by making such slight circumstances against him, as the party making the allegation may be able to show, conclusive against him, unless he does produce it.''

In the case of *Dougherty v. Railroad* (9 Mo. App. 478), the question under what circumstances the happening of an accident will be evidence of negligence, under the operation of the maxim, *res ipsa loquitur*, was thoroughly considered upon the judicial authorities.   Very many cases there cited show that the mere happening of an accident to a passenger, or to persons in other situations, is, in many cases, evidence of negligence to charge the carrier, or to charge some other person.   From these decisions the general rule may be extracted that, where the plaintiff, without fault on his part, receives an injury, under such circumstances that the injury would not, according to ordinary human experience, have taken place, if the defendant had been, at the time, in the exercise of the degree of care which the law required of him in the particular situation—the plaintiff has a *prima facie* case of negligence to go to the jury.   Our decision in that case, and the principle upon which it was rested, were affirmed by the supreme court (81 Mo. 325).

Applying that principle to the plaintiff's evidence in the present case, it seems that the jury would be authorized to infer that the theft of his scarf pin and money would not, according to ordinary human experience, have probably taken place without detection, if the defendant's servants had been in the exercise of that reasonable care in keeping watch while the plaintiff slept, which, under the recent decision of this court in *Scaling v. Pullman Palace Car Co.* (24 Mo. App. 29), and

other cases there cited, the law required of the defendant.

The propriety of this conclusion is still stronger, when we consider the impracticability, nay, in most cases, the impossibility, of the passenger showing the circumstances under which the theft took place. He and all the other passengers are asleep ; the defendant's servants are alone awake. The sleeping passenger can never know whether or not the defendant's servants are keeping diligent watch, and they have the strongest interest to exonerate themselves from any charge of negligence. A rule that would prevent the case from going to the jury, without affirmative proof that, at the time when the theft took place, or at some time during the night, the defendant's servants were not keeping watch, would, in most cases, deprive passengers of any redress for the losses which they might sustain through the negligence of the servants of such carriers. Such a rule is not only against reason, but is against public policy, and ought not to be declared. We, therefore, overrule the two assignments of error under consideration.

But, because of the rulings of the court, mentioned in the paragraphs numbered one and two of this opinion, we reverse the judgment and remand the cause. Rombauer, J., concurs ; Lewis, P. J., is absent.

ROMBAUER, J., delivered a separate opinion.

The defendant asked the court to declare the law, "that the mere proof of loss, by itself, was not evidence of negligence on the part of the defendant." This instruction the court refused, but gave another instruction, requested by the defendant, to this effect:

"It is not enough for the plaintiff to show that he was rightfully traveling in one of the defendant's sleeping cars, and, while so traveling, certain valuables belonging to him were lost or stolen. Before he can recover, he must go further, and show that such loss or theft was due to some negligence on the part of the de-

fendant ; and, if the evidence introduced fails to reasonably explain, or account for, the loss, or theft, to your minds, then your verdict must be for the defendant.''

This instruction was correct.   It gave to the defendant all the law it was entitled to on that particular branch of the case, which sufficiently disposes of the error complained of by the  defendant, that its first instruction was refused.

As I am opposed to  discussing propositions of law in an opinion, when such discussion is not necessarily called for by the record before us, I deem it unnecessary to  express either my sanction, or disapproval, of the statements in the opinion of my associate as to the meaning and extent of the doctrine of *"res ipsa loquitur ;"* I deem it sufficient to say that, even rejecting all evidence which we decide to have been improperly admitted, the surrounding circumstances do furnish some inferential evidence of negligence, on which the plaintiff was entitled to go to the jury, and hence my concurrence in the main points decided.