THE MIDLAND LUMBER COMPANY, Respondent, v. ROBERT R. KREEGER *et al.*, Appellants.

Kansas City Court of Appeals, January 16, 1893.

1. **Principal and Agent:** CORPORATION'S BOOKKEEPER'S REPRESENTATIONS: ESTOPPEL. A corporation's bookkeeper's representation as to the state of account between the corporation and one of its customers is competent to bind that corporation, but his representation as to the risk of paying such customer, a contractor, the amount due on his contract for building defendant's house, as he was prompt and reliable, and that the bookkeeper would notify the defendant if the contractor did not pay his account, etc., do not bind the corporation, unless shown to have been made by its authority, and cannot constitute the basis of an estoppel, even if the defendant acted on the same.

2. **Mechanics' Lien:** EXCESS IN ACCOUNT. A lien account was for $900, due for lumber in a building; in fact there was only $500 worth of lumber used. The excess was in separable items, and it did not appear that anyone was defrauded or injured thereby. *Held,* such excess did not defeat the lien, as the lienor did not knowingly and intentionally file an untrue and unjust account.

*Appeal from the Jackson Circuit Court.*—HON. MATHEW A. FYKE, Special Judge.

AFFIRMED.

*Gates & Wallace,* for appellants.

(1) The defendant went to the plaintiff's place of business for the purpose of ascertaining whether the lumber furnished for his house was being paid for. He went to the proper agent of the company to ascertain this fact, the agent in charge of the books of accounts. That agent gave him false information concerning the books, and thus led him to believe that the lumber was

being paid for.   Relying upon this, the defendant paid the contractor.   Upon this state of facts, as found by the referee, it would be unjust to permit the plaintiff to claim a lien upon the defendant's property.   *Clinton v. Lindsay*, 38 Mo. App. 57; *Rand v. Grubb*, 26 Mo. App. 591; *Isenman v. Fugate*, 36 Mo. App. 166; *Lumber Co. v. Stone*, 19 Neb. 402; *Raley v. Williams*, 73 Mo. 310; *Newman v. Mueller*, 16 Neb. 523; *Alexander v. Ellison*, 79 Ky. 148; *Fielding v. Du Bois*, 63 Tex. 631; *Youngstown v. Moore*, 30 Ohio St. 133.   (2)   The account filed was not a just and true account as required by the statute.   The account which was sworn to, and which contained several hundred items, amounted to $960.18, while the amount of lumber furnished for and used in the defendant's house, as found by the referee, was only $516.20.   A lien statement so greatly in excess of the actual amount due is not a just and true account.   *Kling v. Construction Co.*, 7 Mo. App. 410; *Uthoff v. Gerhard*, 42 Mo. App. 256; *Gauss v. Hussman*, 22 Mo. App. 115; *Hoffman v. Walton*, 36 Mo. 613; *Nelson v. Withrow*, 14 Mo. App. 277; *Reitz v. Ghio*, 47 Mo. App. 287; *Schulenberg v. Robinson*, 5 Mo. App. 561; *Rand v. Grubb*, 26 Mo. App. 591; *Murphy v. Murphy*, 22 Mo. App. 18.

*J. B. Hamner*, for respondent.

(1)   Corporations to be estopped must be so by some act or deed of some one authorized (not by every idle promise or assertion of its employes), and then the opposite party must have relied and acted thereon. *Eitelgeorge v. Building Ass'n*, 69 Mo. 52; *Spurlock v. Sproule*, 72 Mo. 503; *Acton v. Dooley*, 74 Mo. 63; *Rogers v. Marsh*, 73 Mo. 64; *Noble v. Blount*, 77 Mo. 235.   (2)   As to plaintiff's account being "the just and true account" required by statute, respondent

cites a list of cases where lienors intentionally omitted just credits, or knowingly charged for what was either not sold or not lienable, and largely incumbered the real estate in excess of what lienors knew to be just and right. Here there was ample evidence that the lumber was sold to Green, some evidence that it went into the building, but the evidence believed by referee was for a less quantity. To defeat a lien on this ground there must be an intentional omission, or commission, with intent to defraud. *Gerard B. Allen & Co. v. Mining & Smelting Co.*, 73 Mo. 688; *Heltzel v. Railroad*, 20 Mo. App. 435; *Henry v. Mahone*, 23 Mo. App. 83; *Johnson v. Building Co.*, 23 Mo. App. 546; *Schroeder v. Mueller*, 33 Mo. App. 28.

SMITH, P. J.—This is an action by the plaintiff corporation to enforce a mechanics' lien for materials furnished by it to a contractor who used the same in a house built by him for the defendant. The case went to a referee who made a finding of facts and a report thereon of his conclusions of law. Judgment on the report was for plaintiff and from which defendant appeals.

Two questions are raised by defendant's exceptions to the report of the referee which we must decide. The first of these is, whether the plaintiff is estopped from claiming a lien by the acts and conduct of its bookkeeper as found by the referee.

The report of the referee shows that he found, "that defendant Kreeger, prior to the time when he settled with the contractor, defendant Green, and paid him off, went to the office of the plaintiff and asked for the bookkeeper; that he was referred to a man who was acting as bookkeeper at the time; that he asked the bookkeeper if the defendant Green was buying his lumber from the plaintiff; that the bookkeeper

replied that he had an account there, and that he was paying on it right along; *that Kreeger asked how the account on his house stood; that the bookkeeper replied that he could not tell;* that Kreeger then asked him if he considered Green as responsible, to which the bookkeeper replied that he had been dealing with them for some time and had sold him considerable lumber, and he had always been prompt in paying, and that they considered him as perfectly reliable, and that Kreeger would run no risk in paying him; that Kreeger then told the bookkeeper that his house would be done in eight or ten days and asked the bookkeeper to notify him if at that time his account for his house was not paid, and this the bookkeeper promised to do; that Kreeger, after the house was finished, waited about five weeks and then paid Green off in full, without having heard anything from the bookkeeper or plaintiff.''

The rule has been long and firmly established, that where one by his words or conduct wilfully causes another to believe in a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time. *Union Savings Ass'n v. Kehlor*, 7 Mo. App. 158; *Taylor v. Zepp*, 14 Mo. 482; *Bates v. Perry*, 51 Mo. 449; *Spurlock v. Sproule*, 72 Mo. 503; *Acton v. Dooley*, 74 Mo. 63; *Newman v. Mueller*, 16 Neb. 523; *Davis v. Handy* 37 N. H. 65; *Pickard v. Sears*, 33 Eng. Co. Law, 257.

But the question here presented is, did the referee find a state of facts bringing the case within the foregoing rule? Did the plaintiff make the statements which it is claimed influenced the defendant's action to his injury? The referee found that the statements were made by a person who was acting as bookkeeper at the time. It does not appear that the defendant applied to

the president, or other officer, or to the plaintiff's general business manager for the information elicited from the bookkeeper, and that he was referred to the bookkeeper for such information. Nor does it appear directly or inferentially that the bookkeeper possessed any authority to make all the statements to defendant which he did.

The rule which admits the admissions of an agent as against his principal is limited to two cases: *First*, when the scope of the agency is such that the agent is an agent for the purpose of making the particular admission, and, *second*, where the admission is in the form of a declaration made by an agent while acting within the scope of his agency and about the business of his principal concerning such business. *Bevis v. Railroad*, 26 Mo. App. 19; *McDermott v. Railroad*, 73 Mo. 516; *Adams v. Railroad*, 74 Mo. 553; *Aldridge v. Furnace Co.*, 78 Mo. 559. And in Bigelow on Estoppel, 598, it is stated that a principal is not estopped to deny the authority of an agent having limited powers by any representations of the agent, if the principal has not authorized the agent.

In Mechem on Agency, section 714, it is stated that not every statement, representation or admission which the agent may choose to make is binding upon the principal. In order to have that effect they must have been made, in respect to a matter within the scope of his authority. The term "authority" thus used has the same significance which it has in reference to the agent's act or contract. If, therefore, the statements, representations or admissions offered in evidence were made by one who either had no authority at all or had no authority to represent the principal in the matters concerning which they are made, they are not admissible against the principal. So they must have been made with reference to the subject-

matter of his agency. And the same author further states, in section 716 of his work, that there must first be a *prima facie* showing of the agent's authority by other evidence before his admissions, declarations or representations can be admitted, if otherwise competent.

According to these rules it is plain enough that the representations of plaintiff's bookkeeper as to the state of the account of Green with plaintiff would be competent to bind the plaintiff, but as to this matter he gave no information to defendant whatever. But the other statements made by him had no reference to his books or their contents, and about which alone he was competent to speak with binding authority.

It not having been found that the statements made by plaintiff's bookkeeper to the effect that defendant would run no risk in paying Green the amount due the latter on his contract, or that Green was prompt and reliable, or that he would notify the defendant if Green did not pay his account when his house was finished, were made by authority of the plaintiff, the same cannot be held to constitute the basis of an estoppel, even if the defendant acted on the same. This could be no more so than if an indorser on a note to a bank who held a security as an indemnity were to go to the bank and inquire of its bookkeeper whether the maker had paid off his note, and the latter had told him that he was not able to tell him that, but the maker was very responsible and prompt in his transactions with the bank, and that he did not think the indorser would run any risk if he released his security, and that he would inform him if the note was not paid. Now would anyone contend that in such case the bank would be estopped to have recourse against the indorser if the maker failed to pay the note, notwithstanding the indorser relied and acted upon the statements made by the bookkeeper? This case is not different in principle

from the one at bar.* We are unable to discover in the facts found by the referee a single element upon which to found an *estoppel in pais.*

The second ground of defendant's appeal is, since the amount of lumber charged in the lien statement is in excess of that found by the referee to have been used in the building, whether the effect of that will defeat the plaintiff's lien. The amount charged in the lien statement is $960.18, while that found by the referee is $516.20. The statute, section 6743, it is true requires the lienor to file "a just and true account of the amount due," but, if, as in this case, his account contains separable lienable items which are not proved, must he lose his lien for those that are proven? We do not think this would be so, unless it appeared that some one had been defrauded or injured thereby. *Schulenberg v. Strimple,* 33 Mo. App. 154; *Johnson v. Building Co.,* 23 Mo. App. 549; *Pullis v. Hoffman,* 28 Mo. App. 671; *Allen v. Mining Co.,* 73 Mo. 688.

This case is not analogous in its facts to that of *Uthoff v. Gerhard,* 42 Mo. App. 256, and similar cases cited by defendant where the lienor knowingly and intentionally filed an untrue and unjust account. The report of the referee discloses nothing of that kind.

We discover no error in the rulings of the trial court, and so affirm the judgment. All concur.