B. F. CARSON, Respondent, v. ST. JOSEPH STOCK YARDS COMPANY et al., Appellants.

Kansas City Court of Appeals, December 9, 1912.

1. **FALSE IMPRISONMENT: Evidence: Agent.** A policeman arrested a man for stealing halters, the property of a corporation. After detaining him a few hours, he was released. In an action for false imprisonment it was sought to show that the corporation ordered, or sanctioned, the arrest, by the admissions of its superintendent made the next day. It was *held* that such evidence was incompetent.

2. ——: ——: ——: Res Gestae: Principal and Agent. An agent cannot bind a corporation by admissions as to a past transaction. As to that, his agency has ceased, and what he says is not a part of the *res gestae.*

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

REVERSED.

*John E. Dolman* for appellants.

*Chas. C. Crow* for respondent.

ELLISON, J.—This action is based upon a charge of false imprisonment. There was a judgment for plaintiff in the trial court.

There was evidence tending to show that plaintiff was arrested by a policeman and detained for nearly six hours, charged by the policeman with stealing halters belonging to defendant company. Defendant Slack is the superintendent for defendant company, but there was no evidence that he instigated or caused the arrest, or that he ratified or adopted the act after it became known to him. The demurrer to the evidence which was offered in his behalf should have been sustained.

Plaintiff testified that on the day following his arrest and release, Slack was talking with him about the halters and stated to him that the defendant company had had him arrested, not that he had had anything to do with it. This was sufficient to support a verdict against the company if competent. Slack was the company's agent. What he said was next day after the arrest and was therefore not a part of the *res gestae,* and was therefore not competent on that ground.

Neither was it competent on the ground of Slack being the company's agent, since, being spoken the

next day, it was not a part of the *res gestae.* It was an account of a past affair, and being past, his agency, as to it, ceased so far as to disable him to bind his principal by admission, or by an account of the transaction. [Adams v. Hannibal & St. Jos. R. R. Co., 74 Mo. 553, 556; Bergeman v. Railroad Co., 104 Mo. 77, 86; Redmon v. Railroad Co., 185 Mo. 1, 12; Frye v. Railroad Co., 200 Mo. 377, 406; Roberts v. Railroad Co., 153 Mo. App. 638, 644.]

The judgment is reversed. All concur.