———o———

E. C. Margrave, *et al.*, Respondents, *vs.* John Ausmuss, *et al.*, Appellants.

1. *Practice, civil—Testimony, objections to— When overruled as being too general.* —An objection to a power of attorney on the ground that it is incompetent, illegal and not responsive to the issues made, is too general, and for that reason, may be disregarded and overruled by the court.

2. *Testimony—Objections to, not preserved, presumed correct.*—Where an objection to evidence is not preserved, the action of the court overruling it is presumed to be correct.

36—VOL. LI.

8. *Evidence, objections to—Motions for a new trial—Bill of exceptions, etc.*—Where objections to testimony are not incorporated in a bill of exceptions, and the attention of the court is not called to them, on motion for a new trial, they will not be considered in the Supreme Court.

*Appeal from Linn Court of Common Pleas.*

*Geo. W. Easley and Chas. L. Dobson*, for Appellants.

*G. D. Burgess*, for Respondents.

SHERWOOD, Judge, delivered the opinion of the court.

This was a proceeding in the Linn County Court of Common Pleas, instituted by Margrave and others, to enjoin the sale of certain lands under an execution in the hands of Beolt, Sheriff of Linn County, which was issued on a judgment of foreclosure in favor of John Ausmuss, and against Peter Ausmuss.

The petition in substance charges, that Peter Ausmuss, on the 7th day of January, 1857, was the owner in fee of 104, 80-100 acres of land in the County of Linn, on the north side of the northwest qr. of Section 5, Township 57, of Range 20 ; that on that day he mortgaged that land to Isaac Shrader to secure a certain note therein specified ; that Shrader on the 26th of August 1863, assigned the note and mortgage to defendant, John Ausmuss, who on the 15th day of April, 1870, commenced a suit against said Peter Ausmuss, in said Common Pleas Court to foreclose the equity of redemption, which suit resulted in a judgment of foreclosure ; that plaintiffs were not made parties to that suit, nor had they any notice thereof ; that subsequently to the execution of the mortgage, and before the commencement of the suit to foreclose, there had been laid out on the land mortgaged in accordance with law, a town called Laclede, and additions thereto, called and known by the name and description of Ausmuss' Additions, and also the northwest addition to said town ; both said town and additions having been laid out by persons holding and claiming title to said land by, through and under said Shrader ; that previous to the institution of the foreclosure suit, they had purchased and acquired the equity of redemption of said Pe-

ter Ausmuss to all of Blocks 1, 2, 3, 4, 5, 6, 7 and 8, in said northwest addition, also the W. 1-2 of Block 3 and Block 1, Block 2 except the southeast qr. thereof, in Ausmuss' Addition to said town, being part of the land described in the petition in the suit for foreclosure; that long before the institution of said suit, the note described in said mortgage had been fully paid off and satisfied by said Peter Ausmuss, he having paid the full amount thereof to defendant John Ausmuss about August 20th, 1863; that John Ausmuss caused execution to issue on his said judgment of foreclosure, and to be placed in the hands of the Sheriff E. C. Beolt, who had levied upon said lands and town lots belonging to plaintiffs, and advertised the same for sale, would sell the same unless enjoined and restrained from so doing—which sale would cause irreparable injury to plaintiff, John Ausmuss, being non-resident and insolvent, and would cast a cloud over plaintiff's title to said property; an offer is then made to pay off the mortgage debt, if the same had not been paid, and to redeem said property, and the petition concludes with a prayer that defendants be enjoined from selling said property until the further order of the court, and for other relief.

On the 9th day of February, 1871, the day previous to the day for which the sale was advertised, a bond having been filed, a temporary injunction as prayed for was granted.

At a subsequent term, the defendants answered setting forth in substance that they had no knowledge or information, &c, as to whether the town of Laclede and its additions were laid out by persons claiming title under Shrader as alleged in the petition; that plaintiffs had never at any time acquired the equity of redemption of Peter Ausmuss to any portion of the land or town lots described in their petition; that Peter Ausmuss had never paid off the mortgage debt or any part of it, except as credited on the note; that Peter Ausmuss neither on or about the 20th day of August, 1863, nor at any other time, had ever paid to John Ausmuss, the full or any part of the amount due on the note; that said note or mortgage was still due and unpaid to defendant John Ausmuss; that the

sale if permitted would not cause irreparable injury or any injury to plaintiffs, nor cast a cloud over their supposed title and that John Ausmuss was not insolvent, &c. A trial before the court was then had on the issues as raised by the pleadings and the plaintiffs to maintain those issues on their part offered in evidence a power of attorney dated August 30th, 1859, from Isaac Shrader to Joshua F. Bickford authorizing the latter in the name of the former to collect debts and receipt for the same, to release under seal all debts and demands whatever and "especially a debt due me from Peter Ausmuss."

This instrument was acknowledged in Ohio before a Notary Public and after the usual formal introduction, the certificate sets out that "personally appeared the above named Isaac Shrader and acknowledged the signing and sealing of the above power of attorney to be his voluntary act and deed."

This instrument was duly recorded in the September following in the said county of Linn. The defendants objected to this power of attorney being read in evidence on the grounds that it was incompetent, illegal and not responsive to the issues made by the pleadings. Objection overruled; instrument read and defendants excepted.

Plaintiffs then offered in evidence a deed of release and quit claim dated October 6th, 1859, duly acknowledged and filed for record on the same day and recorded Oct. 22d of that year, purporting to have been executed by Isaac Schrader through Joshua F. Bickford, his attorney in fact "to Nathaniel W. Harris, trustee for the Laclede North Addition Company of Linn County," in consideration of $600, releasing certain real estate, "known as the North addition to the town of Laclede" and referring for a more particular description to the plat of said addition.

The objections of defendants to this deed are not preserved. The deed was read and defendants excepted.

Plaintiffs then offered in evidence what purported to be a deed of release dated October 24, 1863, executed by Isaac Shrader to Nathaniel W. Harris trustee for the Laclede North addition company which referred to the deed of said Schrader,

dated October 6th, 1859, as having been made through his attorney in fact, Bickford to said Harris; ratified and confirmed the same; stated that deed was to release the premises therein described from a certain mortgage executed by Peter Ausmuss to said Schrader, dated January 7th, 1857 and recorded on the next day in the recorder's office (to which mortgage reference was then made): stated that there was some question as to the legal validity of the deed of release executed by Bickford and then proceeded to acknowledge payment in full from Peter Ausmuss of the mortgage debt and to sell, release, and convey unto said Harris trustee, &c, all right, title, &c., he—Schrader —had in said premises. This deed was duly acknowledged on the day of its execution before the said Joshua F. Bickford as justice of the peace and duly recorded on the 25th of November following. Objections were made to this deed by defendants on the following ground: "Because the same was executed by Bickford, the attorney in fact, after the assignment of the note to Ausmuss, the defendant, and after the interest of said Schrader, Bickford's principal had ceased, and because the same is illegal and incompetent in other respects.

Objections overruled; deed read and defendants excepted.

Henry Lander was then introduced who testified on the part of plaintiffs in substance, that some time in 1865 Peter Ausmuss and Joshua Bickford as agent of said Schrader had a settlement as to the balance due on note and mortgage in question; that amount was figured up by Henry Mills and paid to Bickford as Schrader's agent by Peter Ausmuss; that while the money was being paid, or while it was lying on the table, Peter Ausmuss stated (in hearing of witness) that he wished to have the note and mortgage assigned to some one (whose name witness had forgotten) from whom he had borrowed the money to make the payment; that he wanted the transfer made to some such party; that Bickford hesitated, said he would think of it, &c.; that after Bickford had received the money, he consulted witness as to what he ought to do relative to assigning the note and mortgage; said that the people of Laclede

were interested in part of the mortgaged property and that mortgage, if paid, should be satisfied; witness advised that the matter be so arranged as to release the town of Laclede and its additions from the mortgage. He testified that Bickford then made the assignment of the mortgage as Schrader's agent and gave the same to Peter Ausmuss; that next day (witness thinks it was,) Bickford called again on witness and requested a release drawn up releasing the town of Laclede and all its additions thereto, from. the mortgage which release witness drew up accordingly; witness distinctly remembered that the release described that part of the quarter section on which the town of Laclede stands and all its additions; did not remember whether Peter Ausmuss was present at the time the release was made. He testified that the release was executed by Bickford as the agent of Schrader, that said release was in the usual form, and witness kept the same for the use and benefit of all parties interested, until he had lost the same about two years previously and could not after diligent search find it.

Defendants objected to all that part of the testimony of witness as to what passed between him and Bickford on the ground that it was incompetent, illegal and mere hearsay and defendant further objected in regard to any testimony of witness respecting said release on the ground that the same was illegal, incompetent, and because said release was made after the assignment of the note to defendant, Ausmuss. Objections overruled; witness testified and defendant excepted. Plaintiff rested.

Peter Ausmuss was then introduced on the part of defendants and testified in substance: That he thought Lander was very near right in his statements about what took place at the time, he, witness, paid Bickford the money for Schrader, and as to the assignment made to John Ausmuss, that witness told Bickford when he went to pay off the mortgage, that witness had borrowed the money for that purpose from defendant, John Ausmuss, and had agreed with him to have the mortgage assigned to him, John Ausmuss, to secure him for the money advanced; that witness paid off mortgage in full about the

time stated by Lander, and did so with the understanding that the note and mortgage were to be assigned by Bickford to defendant Ausmuss, and that they were both so assigned, very soon after the money was paid by Bickford; that he, witness, never heard of any return as testified to by witness Lander; and that witness never paid to defendant, John Ausmuss, the money he had borrowed of him, and to secure which, that assignment of the note was made.

Defendant here rested and the court made the injunction perpetual.

Defendants then filed a motion for a new trial, alleging:

1. That the finding of the court was against the evidence.

2. That the finding of the court was wholly unsupported by the evidence.

3. That the finding was for the plaintiffs when it should have been for defendants.

4. That the finding was against the fact.

5. That the court erred in permitting plaintiffs to read in evidence the power of Attorney from Schrader to Bickford against the objections of defendants.

6. That the court erred in permitting plaintiffs to read in evidence, the deed from one Schrader to Harris against the objections of defendants.

This motion was overruled and this case comes here by appeal.

The objections of the defendants to the power of Attorney from Schrader to Bickford were too general, and therefore were properly disregarded and overruled by the court. (Fields vs. Hunter, 8 Mo., 128, and cas. cit., Hannibal & St. Joseph Railroad Company vs. Moore, 37 Mo., 338; Clark vs. Conway, 23 Mo., 438; Grimm vs. Gamache, 25 Mo., 41; Woodburn vs. Cogdal, 39 Mo., 222; St. Louis Pub. Schools vs. Risley, 40 Mo., 357; Buckley vs. Knapp, 48 Mo., 152.) This disposes of the fifth ground of defendant's motion.

The objections to the deed of release from Schrader through his Attorney in fact Bickford, not having been preserved, the

action of the court in overruling them, will be presumed to be correct. (Buessemyer vs. Stuckenburg, 33 Mo., 546.)

As proper and specific objections to the power of Attorney from Schrader to Bickford were not made, and those to the deed of release made under that power were not preserved, the case stands here precisely as if those instruments in every particular had fully conformed to all the requirements of legal formality; and this more especially so, since aside from technical objections, they strongly tended to establish the fact of the satisfaction of the mortgage debt and the release of the mortgaged premises, and that too at a period long anterior to the time of the existence of any right or claim in the matter by the defendant, John Ausmuss.

As to the sixth ground in the motion for a new trial; the authority of Bickford as evidenced by the informal power of attorney having, by the failure of the defendants, to specifically and suitably object thereto, been practically conceded; and not objections being made (or preserved, which is tantamount thereto,) to the deed of release made under that power, the admissions of the deed of Schrader ratifying and confirming the acts of his attorney in fact, as set forth in the deed of release made by the latter in the name of the former, could work no injury; indeed, there was under the circumstances an evident propriety in its admission.

As to any objections made and overruled during the progress of the cause to oral evidence, they will not be considered here, because not incorporated in the bill of exceptions and the attention of the court not having been called thereto in the motion for a new trial. (Sexton, *et al.*, vs. Allen, 49 Mo., 417.)

The other grounds of the motion may be briefly comprehended and considered together, under the one head: "That the finding of the court was wholly unsupported by the evidence."

This ground is not tenable; the testimony is amply sufficient to sustain the finding of the court, and its judgment will therefore be affirmed.

The other judges concur.