THE CITY OF CHILLICOTHE *ex rel.* MATSON V. RAYNARD *et al., Appellants.*

1. **Public Porter:** ACTION ON HIS BOND. A person whose baggage has been lost through the negligence of a public porter licensed by the city as such, may maintain an action on a bond given by him to the city pursuant to charter and ordinance for the faithful performance of the requirements of the ordinance and the safe delivery of all articles entrusted to his care.

2. **Agent's Declarations and Verbal Acts.** The declarations of an agent are admissible as evidence against his principal only when made while transacting the business of the principal and as a part of the transaction which is the subject of inquiry. Hence, where the baggage-master of a railroad company, while away from the baggage-room of the company and engaged in the transaction of his private business on his own premises, gave directions to a stranger with reference to the delivery of baggage; *Held,* that they were not binding on the company.

*Appeal from Livingston Circuit Court.*—Trial before J. H. SHANKLIN, ESQ., sitting as Special Judge.

AFFIRMED.

*Waters & Wyne* for appellants.

*R. R. Kitt* for respondent.

NORTON, J.—This suit was brought to recover the value of one trunk and contents charged to have been lost by the negligence of the defendant Raynard, who was employed to carry the same from the Wabash depot to the Hannibal depot in the city of Chillicothe. Relator alleged that Raynard was a public porter licensed as such, and gave bond with defendant Swetland as his security, conditioned "that said Raynard should conform to the ordinances of the city of Chillicothe in relation to porters, and safely deliver all articles entrusted to his care to the persons entitled to the same;" that relator delivered to said Raynard a trunk containing articles to the value of $125, to be taken from the Wabash depot and delivered by him to the baggage-man at the Hannibal depot; that he failed to deliver said trunk, and that said trunk and contents have been lost to plaintiff. The answer of defendants denied relator's right to sue on the bond, and averred that relator employed Raynard to transfer his trunk from the Wabash depot to the Hannibal depot, and that said Raynard delivered the same to the baggage-man. On the trial of the cause plaintiff obtained judgment, from which defendants have appealed.

The evidence introduced established the following facts: that defendant Raynard, to whom a license had been issued by the city of Chillicothe as a public porter in said city, and who gave the bond in suit, was hired by relator to transport his trunk from the Wabash depot in said city to the Hannibal depot; that he took charge of the trunk and left it on the platform at the baggage-room door of the

Hannibal & St. Joseph Railroad depot, the door of which was at the time locked and the baggage-man absent. Defendant Raynard testified that he received from relator the check for his trunk; that he showed the check to one Cramer, who was the baggage-man of the Hannibal & St. Joseph depot, and told him he had two trunks to be transferred; that Cramer told him to set them down at the baggage-room door, and he would be there in a few minutes and take care of them; that he had to transfer them about 200 yards, and took both trunks and set them on the platform at the baggage-room door, which was locked; that at the time Cramer told him where to put the baggage, he, Cramer, was at his hotel or eating-house across the street, away from the baggage-room, at his own place of business. Two or three witnesses testified that they saw relator's trunk on the platform at the door of the depot with three or four others; that the baggage-room was half open; that the other trunks went on the train.

Upon the state of facts disclosed by the evidence the court gave the following instruction for plaintiff:

1. If the defendant agreed for hire to transfer the trunk in question from the possession and custody of the Wabash, St. Louis & Pacific Railway Company to the possession of the Hannibal & St. Joseph Railroad Company, at its depot in Chillicothe, and he failed to deliver the trunk to the baggage-man of said last named company at said depot, the finding ought to be for plaintiff.

The court gave for defendant the following instruction number one, and refused those numbered two, three, four:

1. If defendant Raynard undertook to transfer plaintiff's trunk from the Wabash depot to the Hannibal & St. Joseph depot in Chillicothe on the night in question, and if Raynard, under the direction of the baggage-man of said Hannibal & St. Joseph Railroad Company, on duty at its said depot in Chillicothe, placed said baggage at the door of the baggage-room of said depot, with other baggage in charge of said baggage-man, then defendant Ray-

188        SUPREME COURT OF MISSOURI,

The City of Chillicothe ex rel. Matson v. Raynard.

nard was not liable for the loss or destruction of said trunk.

2.   If defendant deposited the trunk in question, with another trunk, at the door of the baggage-room of the Hannibal depot, by direction of the baggage-master having charge thereof, and if the said baggage-master took charge of one of said trunks and sent it upon the Hannibal train passing east that night as baggage, and left the trunk in question upon the platform by the baggage-room door, from whence it was stolen that night, then the liability of the Hannibal road was fixed by the act and conduct of its baggage-man, and the finding should be for the defendant.

3.   If the trunk in question, by the direction of the baggage-man at the Hannibal & St. Joseph depot, was placed at the baggage-room door in said depot with other baggage, and if said baggage-man took charge of such other baggage, and forwarded and cared for the same, and neglected to take care of the trunk in question, then plaintiff cannot recover of these defendants.

4.   The defendants are not liable upon the bond in suit for goods lost in being transferred from one railroad depot to another.

It is insisted by counsel that the judgment should be reversed on two grounds:   1st, That defendants are not liable in this action upon the bond sued on for goods lost in being transferred from one railroad depot to another. 2nd, That defendant Raynard having deposited relator's trunk, with other trunks, at the baggage-room at the depot of the Hannibal & St. Joseph Railroad Company, by direction of the baggage-master of that company having charge of the baggage-room, the liability of the railway company became fixed as to relator's baggage.

We are at a loss to perceive the ground on which the first point is made.   The city of Chillicothe had, under its charter, the power to "license, tax and reg-

1. PUBLIC PORTER: action on his bond.

ulate porters," and in pursuance of this power it passed an ordinance requiring public porters to

take out license, and also requiring them to wear a badge with the words "City Porter" thereon, and also requiring, as a condition precedent to the issuance of a license, that they should give bond in a penalty of $200 for the faithful performance of the requirements of the ordinance and the safe delivery of all articles entrusted to their care. The right to sue on such a bond by any party aggrieved is given by sections 577, 580 and 590, Revised Statutes.

The second point made, we think, is equally untenable. The direction given to defendant Raynard as to what he should do with relator's trunk by Cramer, the baggage-man, while he was away from his post of duty, engaged in the prosecution of his own business, at his hotel or eating-house, could not, under the ruling of this court in the case of *Adams v. Hann. & St. J. R. R. Co.*, 74 Mo. 554, in any manner bind the company, it having been held in that case that the declarations of an agent are admissible as evidence "only when made while transacting the business of the principal, and as a part of the transaction which is the subject of inquiry in the suit in which they are offered. What he may have said before the transaction is entered into or after its completion, is no more admissible than if made by a stranger." No evidence other than as above stated was introduced tending to show that the baggage-man either saw the trunk of relator, or that he could have designated or known that it was the trunk of relator, had he seen it on the platform where defendant left it in his absence, or that he took control of it, or that he knew or had the means of knowing that it was the trunk which defendant had deposited at the baggage-room door according to his directions.

The question as to whether or not defendant had delivered the trunk delivered to him for that purpose to the proper agent of the Hannibal & St. Joseph Railroad Company at its depot, was fairly submitted to the jury by the instructions given, and this question was the controverted

*Margin note: 2. AGENT'S DECLARATIONS AND VERBAL ACTS.*

one in the case. For the reasons given the instructions two, three and four were properly refused.

Judgment affirmed, in which all concur.