JOHNSON & COLLINS, Respondents, v. WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 14, 1886.

1. PLEADING — ACTION — AVERMENTS IN TROVER—CASE ADJUDGED. Where, in an action in *trover*, the material facts were set out in the petition, so as to justify the developing, in proof, of all the facts and circumstances leading to, and connected with, the closing act of conversion, being merely the facts constituting the cause of action; this is setting forth but one cause of action contained in a single count. The use, in such a case, of the words "negligently suffered," will be regarded as mere surplusage.

2. PRACTICE—OBJECTIONS TO EVIDENCE—GROUNDS OF OBJECTION MUST BE SPECIFIED.—Objections to the admission of evidence in the trial court will not be considered by this court, unless the record shows

that the grounds of objection were sufficiently specified at the time
of the introduction of the testimony.

Appeal from Macon Circuit Court, Hon. Andrew
Ellison, Judge.

*Affirmed.*

The case and facts are stated in the opinion of the
court.

Geo. S. Grover, for the appellant.

I.  There was a misjoinder of two independent
causes of action in one count of the petition. Sect. 3512,
Rev. Stat.; *Southworth Co. v. Lamb*, 82 Mo. 247. And
this point was properly saved by defendant's motion to
strike out and compel plaintiff to elect. *Christal v.
Craig*, 80 Mo. 367.

II.  There was no proof that defendant *negligently*
permitted the steer to escape from the car, while *in
transit*. *McBeath v. Railroad*, 20 Mo. App. 445.

III.  The finding of the court was based on incom-
petent testimony. *McDermott v. Railroad*, 78 Mo. 516;
*Adams v. Railroad*, 74 Mo. 558; *City of Chillicothe v.
Raynard*, 80 Mo. 185.

No brief on file for the respondent.

Philips, P. J.—This is an action to recover for the
loss of a steer, the property of plaintiffs, who are part-
ners.  The petition stated, in substance, that on the
sixth day of February, 1882, the plaintiffs contracted
with the defendant, a railroad corporation, to carry and
transport for them a car load of live cattle from La
Plata, Macon county, to the Union Stock Yards, at St.
Louis, without unnecessary delay, etc.  That the cattle
were accordingly duly delivered and loaded into defend-
ant's freight car, and one of the steers so loaded was
not so carried, but was negligently suffered to escape

from said car. That afterwards, on or about the fifteenth day of February, 1882, the defendant found said steer, knowing the same to be the property of plaintiff, and sold and converted the same to its use. Wherefore, judgment for one hundred dollars is prayed.

The answer, after admitting the co-partnership of plaintiffs, and the corporate existence of defendant, that the contract for said shipment was in writing, and the fact of shipment, tendered the general issue as to the other allegations of the petition. The answer then made some special plea as to the contract, but as the contract is not set out in the abstract of record, and no special point is made in respect thereof, we will not further notice it.

The cause was tried before the court without the intervention of a jury. Verdict and judgment for plaintiffs in the sum of one hundred dollars, from which defendant has appealed.

I.   After filing the answer defendant withdrew the same, and filed several successive motions, the object of which were to compel an election by plaintiffs as to which of the two counts (claimed by defendant to be set out in the petition) they would proceed to trial on, and to strike out the other. The court declined to so do.

It is a most reasonable construction of the petition to regard it as setting forth but one cause of action contained in a single count.

The action is manifestly, as we think, in trover. Had the petition been drawn after the common law form in such action, all the material facts set out in this petition might well have been admitted in evidence as a necessary part of the history of the case, developing all the facts and circumstances leading to, and connected with, the closing act of conversion. And had the evidence disclosed the fact that the escape of the steer was attributable to defendant's neglect, that portion of it could have been either rejected, or treated as immate-

rial, as it in no manner proved, or disproved, the act of conversion.

The petition simply attempted to set out "the facts constituting the cause of action," which preceded and led to the defendant's taking and appropriating the property in question. Had it omitted the words, "negligently suffered," there could be no reasonable pretext that the pleader designed to count on the imputed act of negligence. No judgment was asked on this as a separate cause of action; but the prayer for relief followed the further concluding fact as to the conversion. Those words of the petition were properly regarded as mere surplusage. The declaration of law given by the court shows that it treated the action as one in trover. How the defendant could possibly have been misled, or injured by the action of the court in this respect is not apparent.

II. Complaint is made of the action of the trial court in admitting incompetent evidence. This objection we cannot consider, for the reason that the record, as presented to this court in appellant's abstract, fails to show that defendant sufficiently specified, at the time of the introduction of the testimony, its grounds of objection.

The recitations are: "Against the objection of defendant, duly made, the witness stated." "Defendant objected to this testimony." "Defendant's counsel objected to this question as incompetent, irrelevant and inadmissible."

Such objections have been repeatedly held by the supreme court to be insufficient to present such errors for review. *Margrave v. Ausmuss*, 51 Mo. 561–567, and cases cited.

The judgment of the circuit court is affirmed. All concur.