RICHARD CORRISTER, Respondent, v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAIL-ROAD COMPANY, Appellant.

Kansas City Court of Appeals, April 25, 1887.

1. PRACTICE—OBJECTIONS TO EVIDENCE—MUST BE SPECIFIC.—Unless objections to the admission of evidence are made upon specific grounds in the trial court, they will not be reviewed by this court.

2. PRINCIPAL AND AGENT—DECLARATIONS OF AGENTS, WHEN BINDING ON PRINCIPAL.—The declarations of an agent or servant do not, in general, bind the principal. To be admissible, they must be in the nature of *original*, and not of *hearsay*, evidence ; they must *constitute the fact* to be proved, and must not be mere admissions of *some other fact*. They must be made, not only during the continuance of the agency, but in regard to a transaction depending at the very time.

3. PRACTICE—PLEADINGS—INSTRUCTIONS.—Where references to the pleadings in the instructions are made, for the purpose of shortening the instruction, and not to the essential questions in the case, which are apparent in the instructions, they are not open to objection.

4. ——— DAMAGES—RULE AS TO RECOVERY—HOW DETERMINED.—The *general* rule is, that the recovery of damages must be limited to those which naturally and *proximately* result from the act complained of. Whether the damages are remote or proximate, is sometimes a question of law, and sometimes a question of fact. Where the connection between the act of negligence and the damage is so remote as to leave no ground for difference of opinion among fair-minded men, as to whether the negligence was the natural cause of the damage, the judge should decide it, and should not submit it to the jury ; but, where a *substantial doubt* arises as to whether the damage was the natural and proximate, or a speculative and remote, result of the negligence, the question should be submitted to the jury, under proper instructions.

APPEAL from Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*Reversed and remanded.*

Statement of case by the court.

This was an action for the recovery of damages, on account of the plaintiff's wrongful ejection from one of defendant's trains of cars. The plaintiff entered the train at Iatan, one of defendant's stations. The train was bound for Kansas City, and the plaintiff claims to have given the conductor a ticket for Kansas City. The plaintiff was ejected at Beverley Junction, the second station on defendant's railroad from Iatan, on the route to Kansas City.

The station between Iatan and Beverley Junction was Weston. The conductor claimed that the plaintiff gave him no ticket, but paid his fare from Iatan to Weston only.

On the trial, plaintiff's witness, Mangler, testified that he went up to Iatan with the plaintiff, on the Friday following the Sunday that plaintiff was put off the train, and that a man was pointed out to them there, as the station agent of the defendant at the point, and that he and the plaintiff went to the person so pointed out and had a conversation with him, whereupon counsel, asked the following question :

Q. "State if you had any conversation with him with regard to station agent's selling the plaintiff a ticket ? "

To which question the defendant's counsel objected, because the same was incompetent and immaterial which objection was, by the court, overruled, to which ruling the defendant then and there excepted.

In answer to said question, witness stated :

A. "The ticket agent said to us that he remembered the instance of selling Mr. Corrister a ticket."

Plaintiff's counsel asked said witness the following question :

"Where did he say the ticket was to go to, or anything about it ? "

Defendant objected to the introduction of said evidence, because the same was incompetent evidence, which objection the court overruled, and permitted the witness to answer the question, to which ruling the defendant then and there excepted.

In answer to said question, witness stated:

A. "We asked him, did he recall perfectly the ticket he sold, and he says they have a record of every ticket they sell, and they are turned into the office, and there is a record kept of it in that way."

Q. "Did he look at the record there?"

A. "He did not, but he said he remembered putting it down."

The plaintiff testified that he left Beverley Junction at five o'clock in the afternoon, and began his journey on foot, on the defendant's railroad track, to Kansas City (shown by other evidence to have been thirty miles distant); that it began to rain in about a half or three quarters of an hour after he left said station; that he stayed out all night, exposed to the inclement weather, and arrived at Kansas City next day, sick and sore from the exposure and walk. He also testified that he did not seek shelter at any house, and, as a reason therefor, stated that he had no money with him. He testified that he had not a cent of money with him.

The court gave the following instruction for the plaintiff:

"1. If the jury believe, from the evidence, that, on or about the nineteenth day of April, 1885, the defendant was the owner of a railroad, with locomotives and cars thereon, and was, at said time, engaged in carrying passengers over its said road, on its said cars, for hire, and, at said time, the defendant, as alleged in plaintiff's petition, undertook and agreed to carry plaintiff, as a passenger on one of its trains of cars, from the town of Iatan, in the state of Missouri, to the City of Kansas, in said state; and that the defendant, as alleged in plaintiff's petition, received the plaintiff upon its said cars,

for the purpose of being so carried as a passenger; and that the defendant, as alleged in plaintiff's petition, without any just cause or excuse, forcibly ejected plaintiff from its said cars, and refused to carry the said plaintiff to the said City of Kansas, then you will find for the plaintiff."

"2. If the jury believe, from the evidence, that the plaintiff was, as alleged in plaintiff's petition, ejected by the defendant, its agents and servants, as charged in the petition, in assessing his damages, you will take into consideration the extent of his exposure, inconvenience, and delay in consequence thereof, and also his bodily pain and mental anguish, and assess his damages in a sum not to exceed five thousand dollars."

The court refused to give the following instruction, asked by the defendant:

"6. If the jury find for the plaintiff, they will, when estimating his damages, not allow him anything on account of the fact that he was exposed to a rain storm, nor for any sickness or stiffness he may have suffered in consequence of such exposure and walk to Kansas City, nor for any time lost, as is claimed by him, after his return to Kansas City, in consequence of such walk and exposure."

Strong & Mosman, for the appellant.

I.  It was error to permit the plaintiff to introduce evidence in relation to the effect that the exposure to the rain had on his health.   It was not a proximate result of the ejection of plaintiff from the train.  *Frances v. Transfer Co.*, 5 Mo. App. 7; *Railroad v. Birney*, 71 Ill. 391; *Gilliland v. Railroad*, 19 Mo. App. 417; *Brown v. Railroad*, 20 Mo. App. 222; *Railroad v. Kellogg*, 94 U. S. 475; *Shaeffer v. Railroad*, 105 U. S. 249; *McAllister v. Railroad*, 74 Mo. 361.

II.  It was error for the court to permit the introduction of the declarations of the alleged station agent of the defendant.   The ejection took place on Sunday,

the nineteenth day of April, and the statements were made on the following Friday, to a friend of plaintiff, who went with him to Iatan to assist him in hunting up the evidence in the case. *McDermott v. Railroad*, 73 Mo. 516; *Adams v. Railroad*, 74 Mo. 553; *O'Bryan v. Kinney*, 74 Mo. 125; *Hamilton v. Berry*, 74 Mo. 176; *Aldrich v. Railroad*, 78 Mo. 559; *Scoville v. Glasner*, 79 Mo. 449; *Chillicothe v. Raynard*, 80 Mo. 185; *Wingler v. Railroad*, 16 Mo. App. 493.

III.   The giving of plaintiff's instructions was error. The *first* remitted the jury to the pleadings to find the issues. *Remmler v. Shenuitt*, 15 Mo. App. 196; *Crole v. Thomas*, 19 Mo. 329; *Talbott v. Mearns*, 21 Mo. 427; *Yarnall case*, 75 Mo. 583. The *second* is liable to the same objection. Cases cited, *supra*.

IV.   Only such *damages* can be allowed as arise naturally and directly from the breach of the contract; that is, such damages as both parties might reasonably have expected, *at the time of entering into the contract*, to result from its breach. *Frances v. Transfer Co.*, 5 Mo. App. 7; Wood's Mayne on Damages, pp. 21, 33, *et seq.;* 3 Parsons on Contracts [5 Ed.] p. 179, note 5; Sedgwick on Damages [5 Ed.] 79; *Hughes v. Hood*, 50 Mo. 350; *Sanders v. Brosius*, 52 Mo. 50. The damage must be *certain*, both in its nature and in the *cause from which it proceeds*. *Griffin v. Colver*, 16 N. Y. 489, 494-5; *Leonard v. Tel. Co.*, 41 N. Y. 544; *Baldwin v. Railroad*, 45 N. Y. 744, 753. It was error to instruct the jury that they should "take into *consideration the extent of his exposure*" in walking to Kansas City in a rain storm and sleeping out of doors. These are not "damages *which arise in the usual course of things from a breach*" of the contract of carriage. If they existed at all, they arose "out of circumstances peculiar to the case," and are not recoverable *because the special circumstances were unknown to defendant.*

V.   Defendant's *sixth* instruction should have been

given.    *Frances v. Transfer Co.*, 5 Mo. App. 7;
*Railroad v. Birney*, 71 Ill. 391; *Clark v. Railroad*, 39
Mo. 190; *Bank v. Tel. Co.*, 30 Ohio St. 555; *Henry v.
Railroad*, 76 Mo. 294–5; *Lowery v. Tel. Co.*, 60 N. Y.
198; *Smith v. Tel. Co.*, Ky. App., 20 Rep. p. 240.    De-
fendant's *seventh* instruction should have been given.   It
merely declared that the burden of proof was upon
plaintiff to establish the facts "*by a preponderance of
the evidence*" to the satisfaction of the jury, which en-
titled him to nothing more than compensatory dama-
ges, and it was error to refuse it.

VI.    The damages assessed by the jury are outrage-
ously *excessive*.    The good faith of the conductor was
shown by plaintiff's own evidence.    The absence of all
desire to oppress him is shown by the fact that he car-
ried him three miles beyond the point where he was
when the conversation about the ticket took place; by
the fact that he refused to put plaintiff off at that point,
though requested to do so; by the fact that he never
offered to lay his hand on him as he was leaving the
train.    The plaintiff was only getting thirty dollars per
month.    By what possible reasoning could it be said
that he was damaged to the amount of a year's earnings
at his own chosen vocation?    The case was not one in
which *vindictive* damages could be awarded.    *Logan v.
Railroad*, 77 Mo. 669; *Marshall v. Railroad*, 78 Mo.
612; *Railroad v. Guinan*, 11 Lea. (Tenn. S. C.) 41 Am.
Rep. 279; *Railroad v. Wright*, 68 Ind. 597.    For the
foregoing reasons we respectfully pray a reversal of the
case.

SHERRY & HARLOW, for the respondent.

I.    The appellant attempts to give *seven* distinct
reasons, called *points*, why the judgment of the circuit
court in this case should be reversed.    We will refer to
them in their order.    "It was error to permit the plain-
tiff to introduce evidence in relation to the effect that
the exposure to the rain had on his health.    It was not

a proximate result of the ejection of the plaintiff from
the train." The evidence on the part of the plaintiff
was to the effect that the conductor ejected him from
the train; that, being without money, he was compelled
to make his way on foot, at night, as best he could, from
Iatan to the City of Kansas; he suffered bodily pain and
mental anguish, in consequence of being exposed, during
his journey, to a heavy and severe rain storm, and that,
in consequence thereof, he became sick. Yet it is
claimed that the ejectment of plaintiff from the train
was not the proximate cause of the injuries complained
of. The decisions referred to in support of appellant's
position simply lay down the rule that the wrongful act
must be the efficient cause, and this is, unquestionably,
the law. Did the sickness of plaintiff flow from the
wrongful act of defendant, as the natural and probable
cause? The company was liable for all damages sus-
tained by plaintiff, as the direct and natural result of
being ejected from the train. *Yonton v. Railroad*, 21
N. W. Rep. 516; *Railroad v. Smith*, 1 S. W. Rep. 565;
*Railroad v. Gilbert*, 64 Texas, 536; *Gallena v. Railroad*,
13 Fed. Rep. 116.

II. The *second* proposition is, that it was error for
the court to permit the introduction of the declarations
of the station agent of the defendant, and in support of
this, a number of cases are referred to. Respondent
claims that the authorities have no application to this
case, for the reason that the ticket agent, at the time of
selling the ticket, fully represented the company, and
thus any admission of his, no matter how long after the
transaction of sale, was competent to show that fact. It
is true, that, in case of torts, and in some cases of verbal
agreement, a different rule prevails.

III. That the court remitted the jury to the plead-
ings to find the issues. The instructions given by the
trial court give the law, as applicable to the case, and it
must be evident from the reading of them the jury was

not referred to the pleadings to find the issues. As stated in the case of *Edelman v. St. Louis Transfer Co.* (3 Mo. App. 506), "the reference, evidently made for the purpose of shortening the instructions, is to matters of description, which are part of the narrative, and not to the essential questions in the case, which are apparent from the instructions." The *fourth* proposition is involved in the *first* and *third*.

IV. To have given the sixth instruction, asked by defendant, would have deprived plaintiff of all remedy for the outrage perpetrated upon him. Besides, the law applicable to the case had been already given.

V. The damages are *not* excessive. Plaintiff was wrongfully ejected from the train, and did not choose to ask for food and lodging on the way, when he had no money to pay for it, and, therefore, made his way, as best he could, through the storm, to his home in Kansas City. His wages, as a butcher, should not enter into the matter. The two Texas cases above cited, the case of *Railroad v. Gilbert* (64 Texas, 433), and the case of *Railroad v. Smith and wife* (1 S. W. Rep. 565), are *identical with this case, in principle.* In those cases the *damages recovered* were for injuries received and fright suffered in *walking back to the station*, by the fact that plaintiffs were unwilling to either pay fare for being carried further on the train, or to remain at the place where they were put off. In the *Gilbert case*, the jury returned a verdict for six thousand five hundred dollars; in the *Smith case* for eight thousand dollars, both of which verdicts the supreme court of Texas *held not excessive.* Yet, in this case, the appellant, because the plaintiff is only a butcher earning thirty dollars per month, inquires, "by what possible reasoning could it be said that he was damaged to the amount of a year's earnings at his own chosen vocation?" that certainly is an enigma only to appellant.

VI. As the trial court correctly instructed as to the law, and the jury, in its province, found the facts from

the evidence, and rendered a verdict, though diminutive, for the plaintiff, we respectfully pray an affirmance of the case.

## I.

HALL, J.—The objections made by the defendant to the admission of evidence were too general, and are not, for that reason, subject to review by us. The defendant should have specified the grounds of its objections. *Margrave et al. v. Ausmuss et al.*, 51 Mo. 567, and cases cited ; *Johnson v. Railroad*, 22 Mo. App. 599. But as the judgment must be reversed, for reasons hereinafter given, thereby necessitating a new trial, we deem it proper to pass upon the objections urged by the defendant before us as to the admissibility of said evidence. The declarations of an agent or servant do not, in general, bind the principal. "To be admissible, they must be in the nature of original, and not of hearsay, evidence ; they must constitute the fact to be proved, and must not be mere admissions of some other fact. They must be made not only during the continuance of the agency, but in regard to a transaction depending at the very time." *Luby v. Railroad*, 17 N. Y. 133 ; *Adams v. Railroad*, 74 Mo. 556. The testimony of witness concerning statements made by defendant's station agent, in relation to the sale by him of a ticket, from Iatan to Kansas City, to plaintiff, four or five days prior to the making of the statements, was clearly hearsay evidence. The statements were not in regard to a transaction then depending, but were simply a narrative of a past transaction. The evidence was inadmissible. *Chillicothe v. Raynard*, 80 Mo. 185 ; *McDermot v. Railroad*, 73 Mo. 518; *Scoville v. Glasner*, 79 Mo. 455.

## II.

The defendant urges the objection to the instructions given for the plaintiff, that those instructions "remitted the jury to the pleadings to find the issues." The instructions are not open to the objection. The jury are

not referred by them to the pleadings to find the issues. "The reference, evidently made for the purpose of shortening the instructions, is to matters of description which are parts of the narrative, and not to the essential questions in the case, which are apparent from the instructions." *Edelman v. St. Louis Transfer Co.*, 3 Mo. App. 506.

### III.

The general rule is, that the recovery of damages must be limited to those which naturally and proximately result from the act complained of. Whether the damages are remote or proximate, is sometimes a question of law, and sometimes a question of fact. "Where the connection between the act of negligence and the damage is so remote as to have no ground for difference of opinion among fair minded men, as to whether the negligence was the natural cause of the damage, the judge should decide it, and should not submit it to the jury; but where a substantial doubt arises as to whether the damage was the natural and proximate, or a speculative and remote, result of the negligence, the question should be submitted to the jury under proper instructions." *Dunn v. Railroad*, 21 Mo. App. 198.

The plaintiff, as the jury found, was wrongfully ejected from the train at Beverley Junction, and he was entitled to recover all the damages naturally and proximately resulting from the said wrong. But the plaintiff had not the right to inflict injury on himself to enhance the damages. *Railroad v. Birney*, 71 Ill. 392; *Francis v. Transfer Co.*, 5 Mo. App. 7. Because wrongfully ejected from defendant's train on the north side of the Missouri river, when he should have been carried on said train to the south side of the river, the plaintiff had not the right to swim the river and make the defendant pay the damages sustained by him by reason thereof. Because, although, "when, by the negligence of another,

a person is threatened with danger, and he attempts to escape such threatened danger by an act, not culpable in itself, under the circumstances, the person guilty of the negligence is liable for the injury received in such attempt, even though no injury would have been sustained had there been no attempt to escape the threatened danger" (*Brower et ux. v. Railroad*, 64 Wis. 358), one who is wrongfully ejected from a railroad train at a station, a place of safety and comfort, cannot, by voluntarily leaving such place and incurring discomfort and danger, inpose upon the railroad company liability for the damages sustained by such course. Had the plaintiff swum the river, he might have swum it because he was ejected from the train, but the ejection would no more have been the cause of the swimming, than it would have been the cause of the plaintiff committing suicide, had he done so because he was ejected. The cause of the suicide would have been the madness of the plaintiff, just as the wilful recklessness of the plaintiff would have been the cause of the swimming of the river.

In this case the plaintiff was put off the train at a station, a place of shelter and comfort; he voluntarily went out into the storm and stayed out in it during the entire night. The cause of this was the wilful recklessness of plaintiff. He left the shelter of the station. He neglected the shelter of the farm houses along his route. The damages thus sustained he inflicted upon himself, and for them he had no right to recover. The fact that he had no money with him was no justification for such course under the proof. This is too clear for doubt. The court should have so instructed the jury.

For these reasons the court should have given the instruction number six, asked by defendant, and should have modified instruction number two, given for plaintiff.

Judgment reversed and cause remanded. All concur.