Boston v. Murray.

---

BOSTON *et al.*, *Appellants*, v. MURRAY.

<div style="float:right">. 94   175<br>94a [2]577</div>

1. **Practice in Supreme Court:** OBJECTIONS TO EVIDENCE. Where the objection to the admission of evidence in the trial court is not specific, its action in overruling the objection will not be reviewed on appeal in the Supreme Court.

2. **Married Woman, Obligations:** PROBATE COURT, JURISDICTION OF: ADMINISTRATION. The probate court has no power or jurisdiction to order the sale of lands, in which a married woman had a separate estate, to pay debts contracted by her during coverture, which would in equity be deemed to be a charge on the land.

*Appeal from Greene Circuit Court.*—Trial before HON. M. G. McGREGOR, Judge of the Fifteenth Judicial Circuit.

AFFIRMED.

*F. S. Heffernan* for appellants.

(1)   The deeds in evidence to S. H. Boyd, "as com-missioner for Charlotte Coleman," is simply a deed to S. H. Boyd, as trustee for Charlotte Coleman, a married woman, terminating at his or her death. *Roberts v. Mosely*, 51 Mo. 283. The land was owned by Charlotte Coleman, and after her death became liable for her debts. *Bowen v. McKean*, 82 Mo. 594; *Shaw v. Shaw*, 86 Mo. 594. (2) Should the deeds be construed to be conveyances to S. H. Boyd, and as it is admitted that the money was Charlotte Coleman's, it created a resulting trust in Boyd to the use of Charlotte Coleman. *Siebold v. Christman*, 7 Mo. App. 254; *Persons v. Persons*, 25 N. J. Eq. 250, 259; *Dudley v. Bosworth*, 10 Humph. 9; *Sidmouth v. Sidmouth*, 2 Beav. 447; Perry on Trusts, sec. 147; Story's Eq. Jur., sec. 122; *Baker v. Railroad*, 86 Mo. 75; *Johnson v. Quarles*, 46 Mo. 423; *Ringo v. Richardson*, 53 Mo. 385; Hill on Trusts, 522; *Kennedy v. Kennedy*, 57 Mo. 73. (3) A judgment at law against a married woman is void, and an execution sale under it conveys no title. *St. Louis v. Bernoudy*, 43 Mo. 552; *Higgins v. Peltzer*, 49 Mo. 152; *Caldwell v. Stephens*, 57 Mo. 589; *Wernecke v. Wood*, 58 Mo. 352. (4) Can only be reached in equity. 53 Mo. 380; 62 Mo. 417; 66 Mo. 617; 64 Mo. 138. (5) A judgment against a married woman *in personam* is a nullity. *Gage v. Gates*, 62 Mo. 412; *Lincoln v. Rowe*, 64 Mo. 138; *Weil v. Simmons*, 66 Mo. 617. (6) In an action on a special tax bill against a married woman judgment is void. *Corrigan v. Bell*, 73 Mo. 53–57. (7) Parol contemporaneous evidence is inadmissible to try the terms of a valid written instrument. 1 Greenleaf Evid., p. 321, sec. 275; 2 Phillips Evid., 644, and note 487; *Koerhing v. Muemminghoff*, 61 Mo. 403; *Jennings v. Brizeadine*, 44 Mo. 332; *Helmrides v. Gehrke*, 57 Mo. 79; *Greene v. Gates.*

73 Mo. 115; *Sensenderfer v. Smith*, 66 Mo. 80; *Henshaw v. Dutton*, 59 Mo. 139. (8) An express trust can be created only by writing. 73 Mo. 116; R. S., sec. 807

*Jas. R. Vaughan* and *T. J. Murray* for respondent:

(1) In ejectment recovery can be had only upon a legal title. Ejectment could not be maintained upon appellants' title. *Ford v. French*, 72 Mo. 250; *Dunlap v. Henry*, 76 Mo. 106. (2) The legal title was in Boyd as trustee, prior to his conveyance to the defendant, with the equitable title in Charlotte Coleman for and during her natural life, as a separate estate, with the remainder in her heirs. The deeds by Berry and Woodward convey a legal estate to him unaffected, on the face of the deeds, with any trust. The word, commissioner, or commissioner of Charlotte Coleman, is appended to his name, but is only *descriptio personæ*, and the court will notice that the *habendum* in each deed is to "S. H. Boyd, his heirs and assigns." *Thornton v. Rankin*, 19 Mo. 193; *Eyerman v. Bank*, 13 Mo. App. 289. (3) The trust in this case was an implied trust and it was proper for defendant to introduce evidence to show whose money paid for the land, the power and duties of the trustee as to its investment, the full nature of the trust, and the beneficiaries of the trust property. *Peacock v. Nelson*, 50 Mo. 257. (4) The deed by the sheriff under the suit for back taxes was not void. R. S., sec. 6837; *Gitchell v. Messmer*, 87 Mo. 131. (5) The tax deed was properly admitted in evidence. *Davis v. Smith*, 75 Mo. 219. (6) There was no evidence admitted upon the trial on account of which the case should be reversed. (*a*) Because upon the trial any valid objections appellants may have had to such evidence were waived by a failure to make specified objections. *Corrister v. Railroad*, 25 Mo. App. 627;

*Margrave v. Ausmus*, 51 Mo. 561; *Johnson v. Railroad*, 22 Mo. App. 579. (*b*) It is immaterial that improper evidence was admitted, if there was competent evidence to sustain the finding, and it is quite obvious that if any such evidence was admitted it did not induce the finding. *Moore v. Mountcastle*, 72 Mo. 605; *Father Matthew Society v. Fitzwilliams*, 84 Mo. 406; *Erwin v. Ins. Co.*, 24 Mo. App. 145.

NORTON, C. J.—This suit is by ejectment to recover the possession of certain lands in Greene county. The plaintiffs, in support of their title, put in evidence an administrator's deed which purported to convey to plaintiffs the interest of one Charlotte Coleman. The plaintiffs also put in evidence two deeds, one from John T. Berry and one from W. W. Woodward, conveying the land in controversy to S. H. Boyd, commissioner for Charlotte Coleman. It was also shown that said Charlotte Coleman entered into the possession of said lands in August, 1871, and occupied them until her death, in January, 1881, and that her husband died in March, 1884.

Defendant, in support of his title, put in evidence deeds from the heirs of said Coleman conveying to him the lands in suit; also a quit-claim deed from said S. H. Boyd conveying all his interest to defendant. Defendant also introduced in evidence the proceedings in the chancery court of Maury county, Tennessee, had on the twenty-seventh of March, 1846, in a suit entitled, *John Bingham and others v. Samuel M. Majors et al.*, *heirs of Samuel Majors, Sr.*, the object of which suit was to partition certain lands and slaves, formerly of the estate of said Majors, Sr., the father of Charlotte Coleman, and in this suit certain lands were set apart to said Charlotte, " to have and to hold, to her sole and separate use, free from the control of her husband," subject, however, to the claim of one William W. Cole-

man, who claimed a mortgage lien on the land set apart
for her. Afterward, this matter of the mortgage lien
was settled between the said Wm. W., Charlotte, and
Thomas C. Coleman, her husband, and they all jointly
conveyed the land to one William J. Strayborn, as
trustee for said Charlotte, "for the sole use and benefit
of said Charlotte, free from the control of her husband,
the said Thomas C., and subject to the sole use and
benefit of the said Charlotte, but only so far as to the
use ; but the said Charlotte is to have no power to dis-
pose of the same by any conveyance during her life,
and to descend to her children and their representatives
then surviving at her death. To have and to hold to
said Wm. J., forever, as such trustee." This settle-
ment and conveyance was reported and approved by
said chancery court. These proceedings were recorded
in the recorder's office of Greene county, in this state,
on the tenth of June, 1857.

Afterwards, in 1861, a suit was brought in said
chancery court, by Thomas C. Coleman and his wife,
Charlotte, against James A. Coleman *et al.*, who were
the trustees and heirs of said Charlotte, and the land
so deeded to said Strayborn was ordered to be sold for
the purpose of reinvestment, and in the same cause,
at the March term, 1861, it was ordered that S. H. Boyd
and Sample Orr be appointed commissioners to enquire
into the propriety of investing said moneys in Missouri
lands, and that said commissioners make full report as
to any purchase agreed upon by Mr. Coleman, and re-
port whether the tract of land so agreed to be pur-
chased is a suitable investment for Mrs. Coleman and
her children, the quantity, etc., and other facts tending
to show whether the investment is to the interest of said
parties, and, in said proceeding in the chancery court,
entitled *Thomas C. Coleman and wife against James
A. Coleman et al.*, relating to the funds which were used
in buying the lands in suit, and which came from the sale

of the Tennessee lands, it was decreed by said court as follows, on the thirty-first day of March, 1866: "And it further appearing to the court, from the report of Commissioner Boyd, that an investment of the funds in this cause, belonging to the parties to this suit, in real estate in the state of Missouri, is to the manifest interest of said parties to this suit, the court doth appoint said Boyd a commissioner to make said investment, and upon his executing bond with good security, residents of this state, to be appointed by clerk and master of this court, conditioned that he will, as special commissioner of this court, invest any and all funds that he may receive, under the orders of this court in this cause, in real estate in the state of Missouri for the use and benefit of Mrs. Charlotte Coleman *and her children*, or the issue of such; said investment and title thereto to be reported to and approved by this court, the clerk and master will pay over to him any and all funds arising from the sale of the tract of land in the pleadings described as rapidly as the same are collected."

Plaintiffs also introduced as a witness G. S. Bingham, who, on his cross-examination, testified as follows: "The money with which the land in suit was bought was money arising from the sale of lands in Tennessee, and the lands in Tennessee and money belonged to Mrs. Coleman during her lifetime, and at her death passed to her children and heirs. The Boyd who was appointed commissioner by the court in Maury county, Tennessee, was S. H. Boyd, who bought the lands in controversy in this suit." The witness then gave the names of the heirs of said Charlotte, they being the grantors of the defendant in this suit. The evidence of this witness was received over the objection of plaintiffs, and this is assigned as a ground of error. The record shows that no specific grounds of objection were pointed out on which to base the objection made, and for this reason, according to our repeated rulings,

the action of the trial court in overruling the objection will not be reviewed here. *Margrave v. Ausmuss*, 51 Mo. 567, and cas. cit.

It satisfactorily appears from the facts in evidence, above detailed, that the interest of Mrs. Coleman in the lands in controversy, whether a life estate only or an absolute estate in fee, was her separate estate, and whether the one or the other the administrator's deed relied on by plaintiff for a recovery is not effectual for that purpose, and for these reasons : If her estate was only for life, it ended with her death, and the administrator's deed conveying her interest to plaintiffs conveyed nothing, because she had no interest to be conveyed. If, on the other hand, her interest was a separate estate in fee, the administrator's deed did not, under the ruling in the case of *Davis v. Smith*, 75 Mo. 219, pass such interest to plaintiffs. It is there distinctly held that the probate court had no power or jurisdiction to order the sale of lands, in which a married woman had a separate estate, to pay debts contracted by her during coverture, which, in equity, would be deemed to be a charge on the land. The evidence shows that Mrs. Coleman was *femme covert*, from 1846, and remained so until her death, in 1881, and that she died before her husband, so that no other inference can be drawn than that the debts for which the land was sold were contracted while she was under coverture.

This view being conclusive of the rights of plaintiffs, it is unnecessary to consider other points raised in support of the judgment rendered, and it is hereby affirmed, in which all concur, except Ray, J., absent.