HUBER MANUFACTURING COMPANY, Appellant, v. L. M. HUNTER et al., Respondents.

### St. Louis Court of Appeals, January 10, 1899.

**Practice, Trial**: ADMISSIBILITY OF LETTER IN EVIDENCE. In the case at bar the Furguson Company was not the agent of plaintiff in the sale of the engine, but even if it had been, its statements, made long after the sale, were wholly inadmissible, and its letter to the defendant should have been excluded.

*Appeal from the Knox Circuit Court.*—HON. EDWIN R. McKEE, Judge.

REVERSED AND REMANDED.

J. W. ENNIS for appellant.

This cause was tried on the sole issue as to whether the engine in question was new or "second hand and rebuilt," and the burden of proving it to be "second hand and rebuilt" was assumed by the respondent, Hunter. The verdict of the jury in this case is not only at variance with the evidence, but it is so glaringly wrong, and so opposed to the truth of the matter at issue that it must have been the result of prejudice, passion or some cause other than the conviction

·or belief in the truth of the defendant's theory in the cause,·
and should not be permitted to stand.　Spohn v. Railway,
87 Mo. 74.　While appellate courts are averse to weighing
the evidence and reversing a cause for the reason that the
evidence may not have been properly weighed and con-
·sidered by the jury, yet where the verdict is so glaringly
wrong as to amount to an outrage upon honesty and the
impartial administration of justice, and where the trial court
has unwisely, or unreasonably exercised or refused to ex-
·ercise its discretionary power in a matter when it is invoked,
the appellate court ought to, and will interfere to correct
the abuse.　Mason v. Hood, 6 Mo. 218; Herring v. Railway,
57 Ill. 59.　Where the evidence greatly preponderates
against the verdict or where it can be said, as in this case
that there is no evidence on which the jury could be au-
thorized upon any reasonable or rational principle, or ac-
·cording to the ordinary course ·of reasoning and experience
to infer that the engine in question, when sold to defendant
Hunter, was a second hand and rebuilt one, the court should
interfere and grant a new trial.　Baker v. Stonebraker's
Adm'r, 36 Mo. 345; Hacker v. Brown, 81 Mo. 68; Schooling
v. Railroad, 75 Mo. 518; Morgan v. Durfee, 69 Mo. 469;
Foster v. Foster, 77 Mo. 227.　Where a verdict is opposed
not only to a great preponderance of the evidence, but also
to all the probabilities arising from the surrounding circum-
stances it is the duty of the trial court to sustain a motion
for a new trial.　Clark v. Fairley, 30 Mo. App. 335.　A
verdict will not be permitted to stand where it is unsup-
ported by any substantial evidence and where the prepon-
·derance against it is such as to necessarily imply passion·or
prejudice.　.Avery v. Fitzgerald, 94 Mo. 207; Penter v.
Roberts, 51 Mo. App. 222; Krider v. Milner, 99 Mo. 145.
The court should not have permitted the defendant Hunter
to amend his answer so as to materially change the cause of
action and require different proof after the reply was filed

and during the progress of the trial. No such license is given the court under sections 2098 and 2102 of the Revised Statutes 1889, nor is there any other authority for such amendment. Lumkin v. Collier, 69 Mo. 170; Dant v. Machens, 13 Mo. App. 592; Parker v. Rodes, 79 Mo. 88. Declarations of an agent are admissible as evidence against his principal, only when made while transacting the business of the principal and as a part of the transaction which is the subject of inquiry. Chillicothe v. Raymond, 80 Mo. 185; Wolf v. Railroad, 64 Iowa, 380. The declaration of an agent will not bind his principal unless made at the time of doing some act within the scope of his agency, and favoring a part of the transaction itself. McDermott v. Railroad, 87 Mo. 285.

O. D. JONES and H. T. BOTTS for respondent.

Respondent avers that no error was committed as alleged in appellant's assignment of errors. The first assignment is not sustained by the record. If plaintiff was surprised by the amendment, it should have so stated and have taken some steps to show it; at least asked for a continuance. Shotwell v. McElhinney, 101 Mo. 667; Harrison v. White, 57 Mo. App. 175. The evidence was properly admissible, before the amendment of the answer. But all the evidence to support that clause in the answer, was by the court in effect withdrawn, by refusing defendant's instructions based on it. This was plain error against respondent. An examination of the record pages 116, 117, 118, will show the court did not give one instruction asked by respondent; and committed error in those given on the whole case for plaintiff, in making it too favorable to it. This answers the second assignment in admitting evidence "tending to prove the engine in question was one of old pattern." The evidence was introduced properly in support of the answer on

file. If it did not tend to prove that it "was an old engine" we do not know the meaning of language. The error in that instance as all through the record was in plaintiff's favor. The court committed error against defendant in permitting plaintiff to read in evidence the depositions of Jacob W. Miller, page 77, S. C. Barlow, 80, C. W. Haberman and Laura C. Bowen, page 86. Each of them testify to the contents of the books and records kept by plaintiff in its business. They do not claim to refresh their memories from the books or to attach copies to the depositions. Simply claim to recite facts recorded in the books. Do not show the books were made in the course of business or contemporaneously with the facts they claim to record. They are not "books of account" and they can not be put in evidence by plaintiff in that manner. Anchor Milling Co. v. Walsh, 108 Mo. 277; Collins Bros. Co. v. Graddy, 57 Mo. App. 41; Martin v. Nichols, 54 Mo. App. 594. True we are not appellants. But this record shows error in that matter in plaintiff's favor. But for that illegal evidence it would have none to submit to the jury on the issue on which trial was had.

BLAND, P. J.—On the eighth day of August, 1896, the defendant Hunter purchased of plaintiff a traction engine at the agreed price of $975, $150 of which was paid down and a note secured by a deed of trust was given for the balance of $825. Hunter paid by instalments $455.25 on the note and refused to make further payments. After the execution of the deed of trust Hunter conveyed a part interest in the mortgaged property to the other defendants. Plaintiff after the maturity of the note brought suit to foreclose the deed of trust against all the defendants and for personal judgment against Hunter for the balance due. Hunter alone answered. As a defense he set up the fact that he purchased the engine of defendants, through their agent;

that the engine when the purchase was made was in the state of Iowa so that he could not see and examine it, and that he relied upon the representations of the agent as to the newness, style and quality of the engine; that the agent represented the engine to be one of recent build and of improved pattern, and that it had never been used; that defendant relied on the truth of these representations and executed a contract of purchase for the engine; that in fact the engine was not a new one, did not have the latest improvements, but on the contrary was an old engine which the plaintiff had reconstructed, and was not worth more than $500. A reply was filed putting in issue the new matter. Defendant offered evidence tending to prove that the engine was a built over or reconstructed one, and that it was not worth exceeding $500 or $600. Plaintiff's evidence on the contrary, by four or five witnesses, was positive and direct that the engine was not a reconstructed one, but that it was built in 1893, and had been in the possession of plaintiff and its agent at Des Moines, Iowa, from the date of construction to the day it was shipped to Hunter. There was a verdict and judgment for defendant. Plaintiff appeals.

After the defendant had had the engine in his possession some six or eight months, and after he had been informed by some persons who had seen the engine that it was not a new one, he entered into correspondence with The Furguson Implement Company of Kansas City with a view of obtaining information as to the history of the engine. It appears from the evidence that The Furguson Implement Company had been and were at the time of the correspondence agents of the plaintiff for the sale of its engines and separators in certain territory of Missouri, but not for that part of which Knox county, where defendant resides, and where the sale was made, forms a part. The engine was at no time placed with the Furguson Implement Company for sale; it was never in its possession, nor was the company

concerned or directly or indirectly connected in any way with its sale to defendant. The defendant in his letters to the Furguson Implement Company conceded the fact that he had purchased the engine, and asked the company for the date on which the sale was made by the plaintiff. The letters of the company indicate that its members were under the impression that the company had made a sale of the engine, but were unable to find from its records any date of the sale of this particular engine, number 3017. On March 5, 1897, defendant addressed the following letter to the company, to wit:

"Furguson Imp. Co., Kansas City, Mo.

"Gentlemen:—It is probable I will have to take a Huber engine on a debt No. 3017. Will you kindly advise me how long the engine has been used. I wrote you once before in reference to this but you or me one made a mistake in the number.                    Yours truly,

"L. M. Hunter."

To this letter the Furguson Company replied as follows:

Kansas City, Mo., 3—9—'97.

"L. M. Hunter, Novelty, Mo.

"Dear Sir:—We are in receipt of your favor of the 5th asking us about engine No. 3017. This engine must have been sold in 1893. In a few of our records we have omitted the numbers and without hauling out a lot of old files, we know full well that this is the time.

"Yours truly,

"Furguson Implement Co."

Plaintiff objected to the introduction of these letters because not competent evidence against it; the objection was overruled, and the letters were read in evidence; to this ruling plaintiff saved exceptions. We are unable to comprehend upon what theory these letters were admitted. The Furguson Company was not the agent of plaintiff in the

sale of the engine—but even if it had been, its statements and declarations made long after the sale had been communicated were wholly inadmissible. Bergeman v. Railroad, 104 Mo. 77; City of Chillicothe ex rel. Matson v. Raynard, 80 Mo. 185; Aldridge v. Furnace Co., 78 Mo. 559; McDermott v. Railroad, 73 Mo. 516; Midland Lumber Co. v. Kreeger, 52 Mo. App. 418; Corrister v. Railroad, 25 Mo. App. 619. The letter was hearsay, pure and simple, and should have been excluded, but the respondent contends that the letters could not have influenced the jury. We can not agree to this contention. The Furguson Company's letter states that the engine was sold in 1893, and to emphasize this statement, concludes with this declaration, "we know full well that this is the time." If, as stated in this letter, the engine was sold in 1893, it was sold and taken back, and then resold to the defendant in 1896—the very thing the defendant relied on for his defense. Eliminating this evidence from the record, there is but little left to support the defense, and we are bound to conclude that the letter had great weight with the jury. Other assignments of error are made, but we find no reversible errors other than the one noted above, for which the judgment is reversed and the cause remanded. All concur.