ANDREW FISHER, Appellant, v. THE MISSOURI PACIFIC
RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, November 8, 1886.

DEMURRER TO EVIDENCE—CASE ADJUDGED.—"In passing upon a de-
murrer to the evidence, the court is required to make every infer-
ence of fact in favor of the party offering the evidence, which a
jury might, with any degree of propriety, have inferred in his
favor." *Buesching v. Gas Light Co.*, 73 Mo. 219. *Held*, that in this
case the plaintiff is entitled to the judgment of a jury on the case
he has presented.

APPEAL from Henry Circuit Court, HON. JAMES
B. GANTT, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

MCBETH & LADUE, for the appellant.

I. The court erred in sustaining defendant's demurrer
to the evidence, and withdrawing the case from the jury.
*Moberly v. Railroad*, 17 Mo. App. 518; *Cannon v.
Moore*, 17 Mo. App. 92; *Brink v. Railroad*, 17 Mo.
App. 177; *Peart v. Railroad*, 19 Am. & Eng. Railroad
Cases, 233; *Johnson v. Railroad*, 77 Mo. 546; 80 Mo.
335.

II. The court erred in refusing to set aside its judg-
ment and ruling sustaining demurrer to evidence, and
in refusing to grant a new trial. See authorities above
cited.

WM. S. SHIRK and THOS. G. PORTIS, with THOS. J.
PORTIS, for the respondent.

I. If from the plaintiff's own evidence, his con-
tributory negligence plainly appears, he cannot recover.
It does so appear in this case. The demurrer to the

plaintiff's evidence was, therefore, rightly sustained. *Hixon v. Railroad*, 80 Mo. 335 ; *Powell v. Railroad*, 76 Mo. 80 ; *Kelly v. Railroad*, 75 Mo. 138 ; *Turner v. Railroad*, 74 Mo. 602 ; *Zimmerman v. Railroad*, 71 Mo. 476 ; *Fletcher v. Railroad*, 64 Mo. 484.

II.   The cases in the 17 Mo. Appeal Reports are not, in our judgment, at all in point ; nor is the case of *Johnson v. Railroad* (77 Mo. 546).   The latter case is cited in *Hixon v. Railroad* (80 Mo. 341), to distinguish it from cases like this.

ELLISON, J.—This action was instituted in the circuit court of Henry county, Missouri, to recover the sum of two thousand dollars damages for an alleged injury to appellant caused by respondent, its agents, and its servants, carelessly and negligently operating its railway, and running a train of cars through the city of Clinton on its railway at an unlawful and dangerous rate of speed, and without ringing a bell, sounding a whistle, or giving any warning whatever, whereby appellant was injured.

The answer was a general denial and contributory negligence.   The defendant, at the close of plaintiff's case interposed a demurrer to the testimony which was sustained by the trial court, and plaintiff appealed.

The abstracts as presented by the contending parties in this cause do not agree as to the testimony adduced at the trial, and we have examined the record proper to ascertain its true import.   Our conclusion is that plaintiff is entitled to the judgment of a jury on the case he has presented.   He was engaged in driving a delivery wagon in the town of Clinton, through which corporation the defendant's road runs.   He testifies that on approaching the track, he checked his horse and looked and listened for a train ; that seeing or hearing none he attempted to cross over, but his wagon was struck by one of defendant's engines, then passing at a rapid rate of speed, without ringing the bell or sounding

the whistle. He did not bring his horse to a full stop, but his evidence tended to show that to be unnecessary, as there being a fresh snow on the ground, the wagon was making no noise. He especially states that he was on the look-out for the cars up to entering on the track. That he heard none, nor did he see, nor could he see any. From his evidence we are left to infer that he could not see the approaching cars on account of buildings near the track, and it is made certain by all the testimony that had defendant's servants been performing their duty as required by law, and by the dictates of ordinary prudence, plaintiff would have heard the alarm, and thus his injury prevented. Though the evidence offered in support of a plaintiff's case may be such, when taken together, as to make the ground work of strong argument to a jury that he has no legal standing, yet it will not justify taking the case from the jury. "In passing upon a demurrer to the evidence the court is required to make every inference of fact in favor of the party offering the evidence, which a jury might, with any degree of propriety, have inferred in his favor." *Buesching v. Gas Light Co.*, 73 Mo. 219, 231.

The judgment is reversed and the cause is remanded. All concur.