D. W. ECTON, Respondent, v. THE CONTINENTAL
INSURANCE COMPANY OF NEW YORK,
Appellant.

Kansas City Court of Appeals, July 2, 1888.

1. **Practice:** OBJECTIONS TO EVIDENCE MUST BE SPECIFIC: CASE
   ADJUDGED. The objections to the evidence, in this case, were all
   on the ground that the evidence offered was "irrelevant, incompe-
   tent, and immaterial." The objections were too general; they did
   not, with sufficient particularity, specify the grounds on which
   they were based; and, therefore, they were properly disregarded
   and overruled by the trial court.

2. ————: DEMURRER TO EVIDENCE: DUTY OF TRIAL COURT CONCERNING: CASE ADJUDGED. In passing upon a demurrer to the evidence the trial court is required to make every inference of fact in favor of the party offering the evidence, which a jury might, with any degree of propriety, have inferred in his favor, and if, when viewed in this light, it is insufficient to support a verdict in his favor, the demurrer should be sustained; otherwise it should be overruled. (*Smith v. Hutchinson*, 83 Mo. 690; *Fisher v. Railroad*, 23 Mo. App. 201). The evidence in this case was sufficient to justify the court in submitting the case to the jury.

*Appeal from Cass Circuit Court.* — HON. D. A. DeArmond, Judge.

AFFIRMED.

The case is stated in the opinion.

*Railey & Burney*, for the appellant.

(1) It was improper to admit the testimony of the witness Mahan as to his visit to plaintiff's farm and his conversation with plaintiff concerning the adjustment of the loss in controversy. The statements or declarations of a party or his agent in the nature of an offer to compromise or settle are inadmissible as evidence. *Smith v. Shell*, 82 Mo. 215. By his own statement Mahan was shown to have been a mere local agent and not an adjuster. He did not represent defendant in the conversations related in evidence; indeed, it appears, from the evidence, that the company did not know of his going and had not then heard of the loss. His acts and statements were not a part of the *res gestae*, and not binding upon defendant. *McDermott v. Railroad*, 87 Mo. 286; s. c., 73 Mo. 516; *Golson v. Ebert*, 52 Mo. 260; *Scoville v. Glassner*, 79 Mo. 449; *City ex rel. v. Raynard*, 80 Mo. 185; *Caldwell v. Henry*, 76 Mo. 254; *Hamilton v. Berry*, 74 Mo. 176. The evidence of Mahan's visit to plaintiff's farm and his conversation about the settlement of the loss was not competent to show a waiver of notice, because they took place sixteen days after the loss, and the time within

which the notice should have been given had already elapsed. "If the notice is too late there is an end of the matter. The want of such a notice cannot be supplied." *Ins. Co. v. Kyle,* 11 Mo. 278 ; *Brink v. Ins. Co.,* 70 N. Y. 593. (2) The court should have sustained the demurrer to plaintiff's evidence on the ground that there was no evidence whatever from which the jury could find that plaintiff, within fifteen days after his loss, gave defendant, at its office in Chicago or New York, written notice thereof. The court should not submit to the jury a question upon which there is no evidence. *White v. Chaney,* 20 Mo. App. 389 ; *Charles v. Patch,* 87 Mo. 450.

*George B. Strother,* for the respondent.

(1) There was no error in judgment, ruling and instructions of the circuit court in this cause. Any notice that will induce a company to examine the loss is sufficient. Wood on Insurance, 700 ; 50 Ill. 120. (2) If there is a scintilla of evidence, it should go to the jury ; therefore, the court committed no error because there was abundance of evidence to go to the jury. *Baum v. Fryrear,* 85 Mo. 154 ; *Brewington v. Jenkins,* 85 Mo. 60 ; *Buesching v. Gaslight Co.,* 73 Mo. 219. In *Fisher v. Railroad,* 23 Mo. App. 206, the court quoted with approval, the following passage : "In passing upon a demurrer to the evidence, the court is required to make every inference of facts in favor of the party offering the evidence, which a jury might, with any degree of propriety, have inferred in his favor." *Buesching v. Gaslight Co.,* 73 Mo. 219. The court below committed no error in letting the testimony of witness Mahan go to the jury. (3) Because Mahan was an agent of defendant and was acting under instructions from state agent Fleming— his acts were those of the company, and were binding upon the company. *Bank v. Gilstrop,* 45 Mo. 420. It was a part of the *res gestae. Meagher v. Railroad,* 14 Mo. App. 599. (4) Witness Wilson stated that he notified them (meaning the Continental Insurance

Company) of the loss; that, of itself, would settle the question of notice. (5) John Wilson testified that he was the agent that took the application, having a sub-agent to do the work. And later the said Wilson stated that Ecton, the plaintiff, came into his office and told him that his wheat, had burned, and directed said Wilson to notify the company. Wilson stated that "I learned from these men, my sub-agents, that the property was in Cass county. * * * I forwarded the application to the company and received this policy. * * * A few days after the fire Ecton came into the office and notified me of the loss, and I sit down in Ecton's presence and wrote a letter to inform them of the loss. I generally stamp my letters and mail them, but I have no recollection of stamping and mailing this one. I think I did, because of my habit. I never saw the letter afterwards." If that is not enough evidence to go a jury, then it would be well to do away with the jury system altogether. It was sufficient; the company regarded it as a sufficient notice. Because its adjuster came to Pleasant Hill and there deputised Mahan to settle or investigate the loss; Mahan proceeded to the place where the loss occurred, and there told plaintiff that the company would do what was right about the loss; in other words, would pay the loss. Mahan did not make any objection as to notice of loss. That was all that was necessary. It will be noticed that company's witnesses "were conspicuous for their absence." They do not contradict Wilson. The court properly instructed the jury and the verdict of the jury should not be disturbed.

*Boggess & Moore*, also for the respondent.

(1) All the testimony was objected to substantially because it was "irrelevant, immaterial, and incompetent." These objections were not good, because the testimony did relate to, and tend in some degree to support, the issues arising in the cause. If it was

incompetent for any reason, that reason ought to have been specifically stated to the court. As that was not done, the objection was invalid, and the exception must fall with the objection. 1 Greenl. Evid., secs. 51*a* and 53 ; *Margrave v. Ausmuss*, 51 Mo. 561 ; *Clark v. Conway*, 23 Mo. 438 ; *Martin v. Travers*, 12 Cal. 244 ; *Satterlee v. Bliss*, 36 Cal. 161. (2) The issue to be proved was the fact of notice of the loss being given to the company. The evidence shows that at least three of the company's agents were put in motion, by reason of plaintiff's loss, and his efforts to give defendant notice —some of them, certainly, within a few days, and all of them, within fifteen days after the loss. These facts were averred and proved, not for the purpose of showing that Mahan had power to adjust the loss, or to bind the company by any suggestion of his as to what the company might or would do, but solely for the purpose of assisting to prove the ultimate fact of notice. This evidence tended to establish that fact, and hence was relevant, material, and competent. As it so tended, it was the duty of the court to submit it to the jury under proper instructions for their consideration. (3) Those instructions asked by appellant and refused by the court were properly refused. Those three which the court did give, taken together, fairly presented all the law to the jury, and, indeed, are more favorable to the appellant than it was entitled to ask or have. (4) It was not necessary that Wilson should disclose the fact to the company that he was acting for the respondent in notifying said company of said loss. All that could be required of the respondent was to give the company notice, in writing, etc., of his loss within the terms of the policy ; and if the evidence shows that he gave, or caused, or procured notice to be given to the company, he discharged his duty, and fixed his rights in that respect. *Qui facit per alium, facit per se.* May on Insurance, sec. 152. (5) It is neither certain nor probable, from the evidence adduced, that Wilson's letter was addressed or mailed by him to Fleming. He

had no business relations with, or knowledge of, Fleming up to that time. His communications were all with the company at Chicago. He wrote a few days after the fire. Fleming did not put Mahan in motion until about the first of September, over fifteen days after the fire. The notice by Wilson went to the company at Chicago; it was sent thence by the company to Fleming. The company made the insurance; respondent paid the premium, and sustained the loss. The company ought to have produced Fleming and Wilson's letter at the trial. (6) The judgment ought to be affirmed.

HALL, J.—This was an action on a policy of fire insurance. The only defense that need be noticed was, that plaintiff failed to give notice of the loss within fifteen days thereof to the defendant at its office in Chicago or New York, as required by the policy. The only questions presented here are as to the action of the circuit court in overruling certain objections made by defendant to evidence offered by the plaintiff, and in refusing to give an instruction in the nature of a demurrer to the evidence asked by it.

The objections to the evidence were all on the ground that the evidence offered was "irrelevant, incompetent and immaterial." The objections were too general, they did not with sufficient particularity specify the grounds on which they were based, and, therefore, they were properly disregarded and overruled by the court. *Johnson v. Railroad*, 22 Mo. App. 600; *Adler v. Lange*, 21 Mo. App. 519; *Bank of Fitchburg v. Westlake*, 21 Mo. App. 572; *Margrave v. Ausmuss*, 51 Mo. 561–567.

The defendant's counsel complain of the action of the court in refusing the instruction in the nature of a demurrer to the evidence on the ground, alleged by them, that there was no evidence that the plaintiff gave to the defendant the notice of loss required by the policy of insurance.

The policy required the assured to give written

notice of the loss within fifteen days thereafter to the company at its office in Chicago or New York.

The only evidence introduced in the case was introduced by the plaintiff. The evidence showed that the loss occurred on the sixteenth day of August, 1885; that in a few days after the fire the plaintiff went to the office of the defendant's agent Wilson, who had forwarded plaintiff's application and had received the policy to be delivered to plaintiff, and notified him of the loss, and requested him to notify the defendant of it. The plaintiff testified that Wilson then "wrote the letter notifying them in my presence. He sealed it up and put a stamp on it I think." He also testified: "I do not know to whom Wilson, the agent, addressed his letter notifying the company of my loss."

As to the letter written by him Wilson testified: "I sat down in Ecton's presence and wrote a letter to inform them of the loss. I generally stamp my letters and mail them, but I have no recollection of stamping and mailing this one. I think I did, because of my habit. I never saw the letter afterwards." On cross-examination he said: "I have no memory as to whether I wrote the letter and addressed it to the company at Chicago, or to Fleming at Kansas City. I cannot say which it was for I have no memory either way. I do not remember stamping, directing or posting the letter, but I think I did so in view of my general habit. All my business connections were with the company at Chicago. Never had any business with Fleming."

"In passing upon a demurrer to the evidence the court is required to make every inference of fact in favor of the party offering the evidence, which a jury might, with any degree of propriety, have inferred in his favor, and if, when viewed in this light, it is insufficient to support a verdict in his favor, the demurrer should be sustained," otherwise it should be overruled. *Buesching v. Gas Co.*, 73 Mo. 219; *Smith v. Hutchinson*, 83 Mo. 690; *Fisher v. Railroad*, 23 Mo. App. 201. The evidence referred to above, viewed in the light of this

rule, was sufficient to justify the court in submitting the case to the jury, unless it was necessary for the defendant's agent Wilson, in giving notice of the loss for the plaintiff, to state that he did so for the plaintiff, for of this statement in the letter written by Wilson there was no evidence.

But such statement was not necessary. It was permissible for the insurer's agent to give it the notice for the assured, and it was not necessary for the agent to state that he did so for the assured. Wood on Fire Ins., 699 ; *Stimpson v. Ins. Co.*, 47 Mo. 379 ; May on Ins., sec. 463 ; *West Branch Ins. Co. v. Helfenstein*, 40 Pa. St. 289.

We think that the evidence was sufficient, because it showed that Wilson wrote a letter for the plaintiff notifying the defendant of the loss, and that he addressed the letter to the defendant's agent Fleming at Kansas City or to the defendant's office at Chicago, and it showed facts from which the inference was almost necessarily drawn that the letter was addressed in the manner last mentioned ; because, as stated by Wilson, he had never had any business with Fleming, all of his business connections having been with the defendant company at Chicago.

But the plaintiff did not stop here. He introduced in evidence a letter from the defendant's superintendent to him in reply to a letter from him to the defendant containing proofs of loss, in which the superintendent stated that he assumed that the plaintiff's communication was forwarded as a notice of loss, and that as a matter of fact the fifteen days fixed by the policy for a notice of loss had expired before the plaintiff had given the defendant any notice.

Mahan, a local agent of defendant at Pleasant Hill, Mo., testified as follows : "Mr. J. D. Fleming lives in Kansas City, Mo., and is an employe of the defendant ; he investigates losses and adjusts the same, subject to the approval of the company. On September 1, 1885, Fleming came to Pleasant Hill, and told me that he had

received a letter from Wilson, the agent at Lee's Summit, Mo., stating that Ecton had some wheat burned which was insured by our company, and asked me to go out to Mr. Ecton's and investigate the same. Fleming said that he had not received any notice of the loss from the company, but had got his information by a letter addressed to him by Wilson." The witness added : "I read the letter from Wilson to Fleming concerning Ecton's loss. It was addressed to Fleming at Kansas City, Mo. It was Fleming who sent me ; not the company. Fleming said the company had not heard of the loss at that time."

This latter evidence very much impaired the force of the evidence first mentioned by us, but inasmuch as the letter written by Wilson was, if written to defendant's agent Fleming at Kansas City, in the possession of that agent, and was not produced by the defendant when the production of it would have settled the question in defendant's favor, we still think that from all the evidence the inference was necessarily drawn by the jury that the letter was addressed to the defendant's office at Chicago.

Judgment affirmed.    All concur.